## APPEAL OF NICHOLAS HOFER.

### APPEAL FROM THE COURT OF COMMON PLEAS OF MONTOUR COUNTY.

Argued April 28, 1887—decided May 9, 1887.

1. Section 2 of the act of April 14, 1855, P. L. 238, relating to mechanics'. liens, applies to items for work done or materials furnished continuously to the same building, and was intended to link together the items of an account for work or materials where there was no contract for the whole, or no order which would embrace the whole in a single undertaking.

2. When materials are furnished and work done in the erection of a building, as ordered by the owner or contractor from time to time in the ordinary progress of the work, under the said act of 1855 the items have the same unity as if furnished under a contract or order for the whole.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 199 July Term 1886, Sup. Ct.; Court below, No. 6 February Term 1884, Ex. D., C. P.

On November 26, 1883, Nicholas Hofer filed a mechanics' lien against a certain one-story frame and glass building, called a green-house, located on a lot or piece of ground in the borough of Danville, Montour county, the property of Peter Baldy. Upon certain writs of *fi. fa.*, one to No. 6 February Term 1884, issued upon a judgment against Peter Baldy in favor of Wm. J. Baldy, trustee, the premises subject to said mechanics' lien were sold, $2,500 of the proceeds paid into court and an auditor appointed to make distribution. On the hearing before the auditor the right of Nicholas Hofer to receive prior payment upon his mechanics' lien was contested by R. C. Neal, trustee for Martha Clark, a judgment creditor; and, discrepancies arising between the testimony of Mr. Hofer and of witnesses on the part of R. C. Neal, Mr. Hofer demanded an issue to determine the facts by jury trial, to avoid which the contestant filed an agreement that the testimony of Mr. Hofer already taken by the auditor on the hearing "should be considered as the facts of the case by the auditor and the court relating to his mechanics' lien filed."

The bill of particulars attached to the mechanics' lien began on October 16, 1882, with items of material and labor, and so continued, day after day almost, to December 2, 1882; then followed like items January 8 and 9; April 7, 9, and October 4, 5, 8, 9, 1883. The question raised in the court below and brought into this court, was upon the third objection to said claim, to wit, that it was not filed in time.

The facts disclosed by the testimony of Mr. Hofer, before referred to, sufficiently appear in the opinion of this court.

Upon this evidence the auditor, *Mr. John G. Freeze*, was brought to the conclusion that so far as Mr. Hofer was concerned, the green-house was finished in April 1883; that the ventilating fixtures, whatever they were, were to have been put in by Mr. Wetzel, and that not until Mr. Wetzel failed to put them in, and what he proposed were believed or found to be too expensive, was Mr. Hofer applied to to do the work. It was not continuous nor in the ordinary progress of the work upon the building, as was that of January, preparing and delivering shelving which was delayed, without his fault, and put in place in April. For these reasons the claim of Mr. Hofer upon his mechanics' lien was rejected, and a schedule of distribution recommended.

Exceptions having been filed, the report of the auditor was confirmed by the court, WILLIAM ELWELL, P. J., delivering the opinion:

Whether the green-house upon which Nicholas Hofer claims to have a lien was such an independent structure as entitled a mechanic or a material man to a lien, it is not necessary now to determine; but we concur in the opinion of the auditor in respect to the claim being filed too late.

When work is done by the day upon a house, and all is done that the owner desires to have done at the time, the fact that the owner tells the mechanic that at some future time after he has concluded how he will have other work done in ventilating the building, and such work is afterwards done by the day, and a small amount of materials found, it will not draw to it the work and materials previously done or found by which the lien will be carried back to the commencement of the construction.

After the work was done, except putting up the ventilators,

there was no contract which bound Mr. Hofer to come back at some indefinite time and put them in; nor was Mr. Baldy obliged to employ him to do the work. When done, it was not within the meaning of the statute, "continuous of the work, &c., previously done."

The exceptions by Mr. Hofer are not sustained.

And now July 5, 1885, the several exceptions to the auditor's report are dismissed; and it is ordered and decreed that the fund in court, subject to such commissions or fees as the prothonotary is entitled to, shall be paid in accordance with said report.

Thereupon Mr. Hofer took this appeal, assigning the dismissal of his exceptions as error.

*Mr. H. M. Hinckley* for the appellant.

1. The work of October 1883 was designed to be done before the building was complete; it was not an after-thought conceived after the completion of the building; and the greenhouse was not finished until that work was done. So long as any part of a building is incomplete the whole is so: Holden v. Winslow, 18 Penn. St. 162; McCree v. Campion, 5 Phila. 9; 1 Trickett Liens, § 48.

2. Under the act of 1855, *any* mechanic or material man, who does work or furnishes material continuously toward the erection of any new building, may file a lien therefor at any time within six months from the time the last work was done or materials furnished, that was done or were furnished in good faith. The act was passed for the very purpose of benefiting those who were not working or furnishing material under a special contract: Singerly v. Doerr, 62 Penn. St. 12; Kohler v. Mountney, 5 W. N. 260; Smaltz v. Hagy, 4 Phila. 99; Scholl v. Gerhab, 9 W. N. 157; Diller v. Burger, 68 Penn. St. 432.

*Mr. William J. Baldy*, (with him *Messrs. Knorr & Wintersteen*,) for R. C. Neal, appellee.

The facts found by an auditor are conclusive unless clear mistake or misconduct are shown: Bedell's App., 87 Penn. St. 510; Hindman's App., 85 Idem 470; McConnell's App., 97 Idem 31; Mengas' App., 19 Idem 221.

Opinion of the Court.

The real question was whether the work was done and materials furnished continuously under one contract: Holden v. Winslow, 18 Penn. St. 160; Hill v. Milligan, 38 Idem 237; Singerly v. Doerr, 62 Idem 9; Schenck v. Uber, 81 Idem 31; Johnson Mech. L., 182 n.; Yearsly v. Flanigen, 22 Penn. St. 487; Cloud v. Kendrick, 1 W. N. 601; McCay's App., 37 Penn. St. 125.

OPINION, MR. JUSTICE TRUNKEY:

Hofer testified that he furnished all the lumber and did all the work in the erection of the building; that he began on Oct. 16, 1882, and finished on Oct. 9, 1883; that the greenhouse was not completed till the ventilators were put in, and it was unfit for use without; that Mr. Baldy said little, and Mrs. Baldy directed the work; that he quit work on the house in the fall at the instance of Mrs. Baldy, and worked out some shelves in his shop which he delivered in the first part of January; that he put up the shelving on the 7th and 9th of April, and they did not have the fixtures for the ventilators, and said they would not be necessary till fall, for the old flowers were frozen and the others could stand out; that Mrs. Baldy told him when he left to come back to fix the ventilators, but fixed no time, and called him back in September. It is agreed that Hofer's testimony shall be taken as the facts.

The learned auditor had no difficulty in finding that the work done in April was continuous with that done before, for the conclusive reason that the building was unfinished, and it was understood that he was to finish it. That two months had intervened since he did the work in January was no matter.

When the shelving was put in, the building was pronounced finished, except the ventilators. These were so material that the building could not be used until they were supplied, and it was understood that Hofer would put them in as soon as needed in the fall. He did, within six months from the doing of the work in April, and completed the building within the time designated by the owner. There was no contract to do the entire work; had there been, no doubt would arise whether the claim was filed in time. The auditor finds that Hofer was employed by the day. That employment continued, not every

consecutive day, but every day the employer ordered until the employee completed the building. For such cases as this the . act of April 14, 1855 was enacted: P. L. 238. "That act applies to items for work done or materials furnished continuously to the same building, and was intended to link together the items of an account for work or materials where there was no contract for the whole, or no order which would embrace the whole within a single undertaking:" Dillen v. Burger, 68 Penn. St. 432.

When materials are furnished and work done in the erection of a building, as ordered by the owner or contractor from time to time in the ordinary progress of the work, the act of 1855 gives to them a unity as if furnished under a contract or order for the whole. In any other sense there cannot be a continuity of items without a contract for the whole; for there must always be an interval of time between the procuring of the articles, and so there is between different items for work, done from time to time, as ordered: Singerly v. Doerr, 62 Penn. St. 9. The question, usually, is not so much respecting the length of the interval, as whether the work was ordered and done in its ordinary progress from beginning to completion, as conducted by the employer, with an understanding that the employment should continue, though such understanding is not binding as a contract.

Upon the facts in this case it is a reasonable inference that both parties contemplated that Hofer would finish the greenhouse, and as he did all the work from the beginning, it was continuous in the sense of the statute.

> Decree reversed, and it is considered and decreed that the sum of $241.29 be paid to the appellant, and the balance of the fund, after payment of the costs as stated in the decree of the court below, be paid to R. C. Neal, trustee of Martha Clark. Appellee to pay costs. Record remitted.

Mr. Chief Justice Mercur dissents for reasons stated in the opinion of the learned judge below.