# Felheim v. Perry Brewing Co., Appellant.

*Mechanics' lien—Materials furnished continuously—Acts of April 14, 1855, P. L. 238, and June 4, 1901, Sec. 12, P. L. 431.*

Under the Acts of April 14, 1855, P. L. 238, and June 4, 1901, Sec. 12, P. L. 431, the right to file a mechanics' lien is not defeated by the fact that an interval of over two months intervened between the furnishing of the first portion of the materials and the furnishing of the last portion, if it appears that there was such continuity in the furnishing as would prima facie tie the several deliveries from the first to the last. Whether the material is furnished under one or more contracts does not affect the right to file the lien, inasmuch as the 12th Section of the Act of June 4, 1901, P. L. 431, provides that if the labor and materials be furnished continuously "the claimant may file a single claim though furnished under more than one contract."

Argued April 11, 1916. Appeal, No. 89, April T., 1916, by defendant, from judgment of C. P. Erie Co., Sept. T., 1914, No. 14, on verdict for plaintiff in case of Lyman Felheim v. Perry Brewing Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur mechanics' lien. Before BENSON, J.

At the trial it appeared that the materials, for which the lien was filed, were furnished to the Vogt Brewing Company which afterwards went into the hands of a receiver and upon the property being sold at receiver's sale subject to the liens of record, was purchased by one, Birnbaum, and conveyed to the Perry Brewing Company subject to the same liens, as those under which Birnbaum purchased.

562 FELHEIM *v.* PERRY BREWING CO., Appellant.

Statement of Facts—Assignment of Errors. [63 Pa. Superior Ct.

The evidence disclosed the fact that the items in the lien filed, under date of May 1, 1912, amounting to $586.00, were furnished upon a special contract upon specifications submitted by the Vogt Brewing Company to the plaintiff, and at a price agreed upon between the parties, and that all the materials so agreed upon were furnished on or before March 22, 1912. From March 22, 1912, there were no other materials ordered from the plaintiff until June 3, 1912, when the Vogt Brewing Company ordered some more material from plaintiff to continue the changes and alterations which the necessities of the business required. The last item for materials claimed in the lien, was furnished under date of October 18, 1912, and the lien was not filed until January 9, 1913, and included therein were the items furnished under the special contract which were furnished on or before March 22, 1912, as well as all other items furnished after that date.

Defendant presented this point:

The evidence is uncontradicted that the material furnished for the bottling works was furnished under an independent contract amounting to $586.00, and that the last of this material, furnished by plaintiff, was furnished on March 22, 1912, and that plaintiff did not furnish any other material from that date until June 3, 1912. As the lien was not filed until January 9, 1913, it was too late to bind the premises for the materials furnished by plaintiff on or prior to March 22, 1912. Answer. Refused. (1)

Verdict and judgment for plaintiff for $1,301.49. Defendant appealed.

*Errors assigned* were (1) refusal of point as above and (2) refusal of binding instructions for defendant.

*L. E. Torrey*, for appellant, cited: Todd v. Gernery, 223 Pa. 103; Schively v. Radell, 227 Pa. 434.

*R. T. Marsh,* of *Marsh & Eaton,* for appellee, cited: Hofer's App., 116 Pa. 360; Crane Co. v. Rogers, 60 Pa. Superior Ct. 305.

OPINION BY TREXLER, J., July 18, 1916:

The Act of June 4, 1901, P. L. 431, relating to mechanics' liens in its 12th Section provides that "If the labor or materials be furnished continuously in the erection and construction of, addition to, or removal of a structure or other improvement, the claimant may file a single claim, though furnished under more than one contract, with the same effect as if furnished continuously under a single contract."

The only question before us is whether the materials furnished in the case at bar were furnished continuously as required by the above in part quoted section. The first items of the lien were furnished February 19, 1912, up to March 22, 1912, and from March 22d to June 3d there were no materials furnished. After that they were furnished at frequent intervals until the completion of the improvement.

The Act of April 14, 1855, P. L. 238, provided for the filing of mechanics' liens for work done or materials furnished continuously. Prior to that act as stated in Singerly v. Doerr, 62 Pa. 9, the purchasing of material as needed on a job was a new contract at every purchase and any item more than six months old was barred. The Act of 1855 changed this so that when the materials were furnished for a single building in the ordinary progress of the work, thus giving to the items a unity of purpose if not of contract, even if there was an interval of time between the procuring of the articles, a lien could be filed within six months of the last item: Diller v. Burger, 68 Pa. 432, and Hofer's App., 116 Pa. 360. In the last case there was a much longer interval than in the case before us. "The question, usually, is not so much respecting the length of the interval, as to whether the work was ordered and done in its ordinary progress from

beginning to completion, as contracted by the employer, with an understanding that the employment should continue, though such understanding is not binding as a contract." We think, giving the word "continuously" the same significance as in the above cases, the intention of Section 12 of the Act of 1901 is that though there be an interval in the progress of the work, and though there be more than one contract, the lien may be filed within six months after the furnishing of the last item. One may not tack on items merely to preserve the lien but necessarily in the progress of a building there must be intervals of time in which other materialmen beside the claimant will be required to furnish their part of the structure and very often one materialman must wait until the other has performed certain work or furnished certain materials, and it was not the intention of the legislature to require a filing of separate liens for the articles furnished before and after such intervals. As was said by Brother KEPHART in Crane Co. v. Rogers, 60 Pa. Superior Ct. 305, the question is "if there was such continuity in the furnishing as would prima facie tie the several deliveries from first to last under the contract." The fact that some of the lumber in question was furnished under a special contract does not change our conclusion for the Act of 1901 in its language expressly covers such a situation. Whether the materials were furnished under one or more contracts does not affect the right to file a lien under the 12th Section. It so expressly declares.

The judgment is affirmed.