# Rich *v.* Boguszinski et ux., Appellants.

*Mechanic's lien—Affidavit of defense—Time for filing—Judgment for want of—Act of May 23, 1913, P. L. 307.*

Under the provisions of the Act of May 23, 1913, P. L. 307, an affidavit of defense to a sci. fa. sur mechanic's lien may be filed any time before judgment is taken for want of it.

An affidavit should not be stricken off merely because it is filed more than 15 days after the return day of the writ.

The sufficiency of an affidavit of defense, after it has been filed, is not to be tested on a motion to strike off. A motion for judgment for want of a sufficient affidavit is the proper practice.

Argued March 3, 1925. Appeal, No. 28, Feb. T., 1925, by defendants, from judgment of C. P. Luzerne Co., Dec. T., 1925, No. 1284, In re scire facias sur Mechanics' Lien filed to No. 87, Dec. T., 1923, M. L. D., in the case of Mike Rich v. Michael Boguszinski and Mary Boguszinski, his wife. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Reversed.

Sci. fa. sur mechanic's lien.

Rule to show cause why affidavit of defense should not be stricken off because it was not filed within 15 days after the return day of the writ. Before Fuller, P. J., and Garman, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendants appealed.

*Error assigned* was the decree of the court.

*W. L. Pace,* for appellants.—The appellee was not entitled to have the affidavit of defense stricken off merely because the appellants had not filed it within 15 days. The defendant may file his affidavit of defense more than 15 days after the service of the statement, if in the meantime the plaintiff has not moved for judgment: Bordentown Banking Co. v. Restein, 214 Pa. 30; Barndollar v. Fogarty, 203 Pa. 617; Com. v. Acker, 53 Pa. Superior Ct. 54; Von Schirach v. Vance, 239 Pa. 302; Lowenstein v. McGowan, 5 Pa. D. & D. Rep. 5; Miller, Assignee, v. Jackson, 27 Lan. L. Rev. 202; Hannock v. Tope and Tope, 77 Pa. Superior Ct. 101; Sinclair v. Evans, 5 Pa. Dist. Rep. 384; Hummel v. Meyers, 26 W. N. C. 279;

385, (1925).]    Arguments—Opinion of the Court.

Lukens v. Rea, 29 W. N. C. 65; Shifferstine et al. v.
Sitler et al., 264 Pa. 290; Haardt & Devos v. Wright, 15
Pa. Dist. Rep. 20.

*R. H. Morrish,* for appellee, cited: Atlantic Terra
Cotta Co. v. Carson, 53 Pa. Superior Ct. 91; Koons v.
Harding, 3 D. & C. 741-747; McCay's App., 37 Pa. 126.

OPINION BY HENDERSON, J., April 28, 1925:

The plaintiff, a subcontractor, filed a mechanic's lien
against a lot and the building thereon owned by the de-
fendants.  A scire facias was issued returnable January
14, 1924.  On the return day the defendants filed a gen-
eral demurrer both to the writ and the lien.  On March
6, 1924, the court overruled the demurrer because it did
not specify any respect wherein "the writ" was insuf-
ficient.  Disposition of the rule for judgment was post-
poned however for five days in order that the defendants
might set forth special and substantial reasons in sup-
port of the demurrer; thereupon on March 7th, specifi-
cations of demurrer were filed.  On March 10th, the
plaintiff presented a petition to the court asking leave to
amend the lien so that it would show that the petitioner
served notice on the defendants October 17, 1923, of his
intention to file the lien; on which petition a rule to show
cause was granted the day following at which time a
rule was also granted to show cause why the lien should
not be stricken off, and in the same order the demurrer
was dismissed with a stay of proceedings pending the
disposition of the rule.  On May 9th, the rule to amend
was made absolute and the rule to strike off the lien was
discharged.  On the latter date an affidavit of defense
was filed and on May 14th a rule was granted to show
cause why the affidavit of defense should not be stricken
off for the reason that it was not filed within fifteen days
after the return day of the writ.  On August 16, 1924,
this rule was made absolute and the prothonotary was
"directed to enter judgment for the plaintiff on his filing

of præcipe to that effect." The appellants have assigned as error the action of the court (a) in dismissing the demurrer to the lien; (b) in allowing the amendment to the lien; (c) in dismissing the demurrer to the scire facias; (d) the order striking off the affidavit, and (e) the order directing the entering of judgment. With respect to the first three assignments it is sufficient to say that they relate to interlocutory orders and the questions raised are not now before us for consideration. It may here be observed too with respect to the demurrer that the defendants subsequently filed an affidavit of defense wherein their objections to the writ and lien were set forth, and thus the issue was raised for which provision is made in the Mechanic's Lien Act of 1901. By so doing they in effect abandon the special demurrer and are remitted to a trial of the questions raised by the affidavit of defense. The question for present consideration is therefore whether the court's construction of the Act of 1913, P. L. 307, with respect to the time within which an affidavit of defense must be filed, is correct. The writ, as in the act prescribed, required the defendants to show cause at the return day why the amount of the claim should not be levied of the property in the way described, and also notified them to file their affidavit of defense in the office of the prothonotary of the said court within fifteen days after return day of the writ "and that otherwise judgment may be entered against" (them) for the whole amount of said claim. The provision with reference to the time of filing of affidavits of defense is quite similar to that contained in the Procedure Act of May 25, 1887, and the Practice Act of May 14, 1905. In each the defendant is required to file an affidavit of defense within fifteen days from the date fixed. In none of these enactments is there a prohibition against filing an affidavit at a later date. The consequence of an omission to file within the fixed period is that judgment may be taken against the defendant for want of an affidavit of defense. This is the penalty he

pays for failure to prevent a judgment by default. Numerous cases hold that under the Practice Act an affidavit of defense is in time if filed before judgment is entered in the case. In Barndollar v. Fogarty, 203 Pa. 617, the court in considering the same subject in a foreign attachment case under the Act of 1897, said: "Under the Procedure Act of May 25, 1887, a defendant is required to file his affidavit of defense within fifteen days after the plaintiff's statement has been served. But it has never been pretended that, if a defendant, after the expiration of the period within which he ought to have filed his affidavit of defense, does file one, judgment can then, on motion, be taken against him for want of it." In Bordentown Banking Co. v. Restein, 214 Pa. 30, the court referring to the fourth section of the Procedure Act of 1887, said: "It is true that in section 4 it is enacted that if the statement is served not less than fifteen days before the return day 'it shall be the duty' of the defendant to file an affidavit, etc., words which generally receive a mandatory construction. But the section must be read in its connection with those which follow and with the nature of the duty prescribed. These make it clear that the penalty for such neglect of duty by defendant is the risk of having a judgment entered against him, not the termination of his right to file his affidavit." In Von Schirach v. Vance et al., 239 Pa. 300, which was a scire facias sur mortgage the court said: "If the affidavit had been filed after the expiration of the statutory period, but before judgment had been entered, it would have been availing to prevent judgment." No advantage having been taken of the default, the opportunity still existed to do what was required to be done at an earlier date. The language of the Act of May 23, 1913, P. L. 309, is that on failure to file an affidavit of defense within fifteen days judgment "may be" entered against the defendant. The language of the section is not as imperative as is found in the Procedure Act of 1887 and the Practice Act of 1915, and we see no reason for holding

in the absence of language expressly to that effect that it
was the intention of the legislature to close the door to
a defense on the merits after the lapse of fifteen days.
Consistency of construction requires us to hold that an
affidavit of defense filed before judgment was taken for
want of such affidavit was in time.

It is contended by the appellee that the affidavit of
defense was without merit and that the action of the
court should be sustained on that account, but the suf-
ficiency of an affidavit of defense, after it has been filed,
is not to be tested on a motion to strike off. A rule to
show cause why judgment should not be entered for want
of a sufficient affidavit is a familiar practice.

The order striking off the affidavit of defense is there-
fore reversed and the affidavit reinstated with a pro-
cedendo.