## Rich, Appellant, *v.* Boguszinsky.

*Mechanics liens—Contract not to file—Affidavit of defense—Sufficiency—Sub-contractor—Notice of intention to file lien—Time of notice—Acts of June 4, 1901, P. L. 431, and June 20, 1883, P. L. 136.*

In proceedings on a mechanic's lien filed by a sub-contractor, an affidavit of defense is sufficient which avers that the agreement be-

tween defendant and the principal contractor contained a stipulation against liens and was duly filed within ten days of its execution.

Section 8 of the Act of June 4, 1901, P. L. 431 as amended by the Act of March 24, 1909, P. L. 65, provides that notice by a sub-contractor of his intention to file a lien must be "served at least one month" before the claim is filed.

A lien filed on November 19 is not prematurely filed when the notice of intention to file was served on October 19.

The Act of June 20, 1883, P. L. 136, regulating, inter alia, the computation of time under statutes, applies to the statutes regulating the procedure upon mechanics liens.

Argued March 1, 1926. Appeal No. 17, February T., 1926, by plaintiff, from decree of C. P. Luzerne County, December T., 1923, No. 1284, in the case of Mike Rich v. Michael Boguszinsky and Mary Boguszinsky, his wife. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal dismissed.

Sci. Fa. Mechanics Lien. Before McLEAN, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. Rule discharged. Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment for want of a sufficient affidavit of defense.

*R. H. Morrish,* for appellant.—The lien was filed prematurely: Gregg's Estate, 213 Pa. 260; Whitton v. Milligan, 153 Pa. 376; Justice v. Meeker, 30 Sup. Ct. 207; Willson v. Canevin, 226 Pa. 362.

*W. L. Pace,* for appellee.—The affidavit was sufficient: Burrows v. Carson, 244 Pa. 13; Chapman v. Faith, 18 Pa. Superior Ct. 587; Crane Co. v. Rogers, 60 Pa. Superior Ct. 304; Thirsk v. Evans, 211 Pa. 239-244; McVey v. Kaufmann, 223 Pa. 125; O'Kane v. Murray, 252 Pa. 60-67.

OPINION BY CUNNINGHAM, J., July 8, 1926:

Appellant filed a mechanic's lien as a sub-contractor against the property of appellees for a sum alleged to be due him for plastering, etc., under a contract with John Dishus, the principal contractor, and instituted proceedings for its collection. After various rules and motions in the court below the affidavit of defense filed by appellees was stricken off on the ground that it had been filed too late. Upon appeal to this court to No. 28 February Term, 1925, this action of the court below was reversed: Rich v. Boguszinsky et ux., 85 Pa. Superior Ct. 385. Upon that appeal it was contended, inter alia, that the affidavit of defense was without merit and that the action of the court below striking it off should be sustained on that account but we there held that the sufficiency of an affidavit of defense, after it has been filed, cannot be tested on a motion to strike off and that a motion for judgment for want of a sufficient affidavit is the proper practice. Thereupon the appellant took a rule for judgment for want of a sufficient affidavit of defense. The court below in an opinion filed July 15, 1925, after holding that a number of the averments in the affidavit of defense were insufficient, said: "The fifth averment that a proper notice of the intention to file a lien and of the filing of the lien were not served upon the defendant at the time and in the manner required by law seems to raise a good defense and is sufficient to preclude judgment upon the pleadings." From the order discharging the rule we have the present appeal.

The averment in the affidavit of defense held sufficient is as follows: "5. Said mechanic's lien is defective and void not only on its face but because a proper notice of plaintiff's or claimant's intention to file the same, or of the filing of same, was not served upon defendants at the time and in the manner required by law." There is another averment in the

affidavit of defense, namely, the eighth, which seems to be intended to raise the same question and reads thus: "8. Said mechanic's lien or claim, upon which said Sci. Fa. is based, was filed before defendants had thirty days warning or notice of claimant's intention to file the same." The phrase "thirty days warning or notice" is not an accurate reference to the statute, as will hereinafter appear, but in both averments appellees evidently intend to say that neither proper notice of appellants' intention to file the lien nor of the fact of its filing has been given. In addition to these averments, which were not as specific as they should have been, in that they fail to specify wherein the notices were defective or in what respect the statutory requirements, relative to the service of the same, were not observed, an examination of the affidavit of defense discloses that the second paragraph thereof contains specific averments to the effect that the contract between the appellees and the said Dishus, the principal contractor, contained a stipulation against liens and was duly filed within ten days after its execution. We are of opinion, particularly in view of this averment, that the court below committed no error in discharging the rule for judgment for want of a sufficient affidavit of defense. As the case goes back for trial we deem it proper to express our opinion upon the question of the sufficiency in time of the notice of the appellant of his intention to file the lien. From the record brought up on this appeal it appears that notice of appellants' intention to file a lien was served on October 19th and the lien was filed on November 19, 1923.

By section 8 of the Act of June 4, 1901, P. L. 431, 434, as amended by the Act of March 24, 1909, P. L. 65, it is provided that any sub-contractor intending to file a claim must give to the owner written notice to that effect, verified by affidavit and containing the matters therein specified, and that "such notice must be served

at least one month before the claim is filed.'' One of the questions argued upon this appeal is whether the giving of notice by appellant on October 19, 1923, of his intention to file a claim legally warranted the filing thereof on November 19th of that year. If October 19th was "at least one month" before November 19, 1923, the filing was not premature. Service of such notice is a condition precedent to the right to file the lien and a failure to comply with this essential requirement is fatal to the validity of the claim: Keely v. Jones, 35 Pa. Superior Ct. 642. Manifestly the "month" referred to in our statute regulating the giving of the notice in question is a calendar month. The term month when used in statutes regulating legal procedure is to be computed by the calendar unless there is something in the statute which indicates that a contrary meaning was intended. Since common usage has adopted the calendar periods it is generally held that the legislature should be understood to have used the term in the same sense as the people use it: 26 R. C. L. 733. By our Act of June 20, 1883, P. L. 136, regulating, inter alia, "the computation of time under statutes," etc., it is provided that such time "shall be so computed as to exclude the first, and include the last days of any such prescribed or fixed period, or duration of time," and that whenever the last day of any such period shall fall on Sunday or a legal holiday such day shall be omitted from the computation. That this act applies to the computation of periods of time under our statutes regulating the procedure upon mechanics' liens was decided by our Supreme Court in the case of Herr v. Moss Cigar Co., 237 Pa. 232, a case not referred to by counsel on either side. In that case John F. Herr, the plaintiff, was a sub-contractor under H. G. and L. J. Dill, general contractors, for a building erected for the Moss Cigar Company. One of the questions involved was whether the sub-contractor had been deprived of

the right to file a lien through the filing in the office of the prothonotary of Lancaster County of a contract between the owner and the contractors, the legal effect of which was that no claim should be filed by any one. The contract between the owner and the principal contractors was made on May 23, 1907, and filed on Monday, June 3, 1907. Under the statute, and the situation in that case with respect to the commencement of the work upon the ground, the agreement was required to be filed "within ten days" after its execution. It was held by the court below in an opinion, affirmed by a Per Curiam decision of the Supreme Court that the ten days mentioned in the act of assembly would have expired on Sunday, June 2, 1907, but by reason of the provisions of the Act of 1883, supra, the ten-day period did not expire until Monday, June 3, and that the filing on that day was within the period fixed by the act of assembly.

Counsel for appellees in support of their contention that in the case at bar the notice was not sufficient in respect to time cite and rely upon Gregg's Estate, 213 Pa. 260, in which it was decided that where a testatrix died on November 8, 1899, between the hours of seven and eight o'clock in the evening, having executed her will, containing a charitable bequest, on October 8, 1899, between the hours of three and five o'clock in the afternoon, the charitable bequest failed because the will had not been executed "at least one calendar month before the decease of the testatrix." In interpreting the phrase "at least one calendar month" as used in the Act of April 26, 1855, P. L. 328, our Supreme Court said in the case cited: "It is 'at least a calendar month,' made up, at certain seasons of the year, of a certain number of full, clear days, and that kind of a month did not intervene between the execution of this will and the death of the testatrix. 'When so many "clear days" or so many days "at least" are

given to do an act, or "not less than" so many days must intervene, both the terminal days are excluded': Endlich on Interpretation of Statutes, sec. 391." It is to be noted, however, that the statute with which we are dealing is one regulating the procedure upon mechanics' liens; whereas, the act interpreted in Gregg's Estate is an act "relating to corporations and to estates held for corporate, religious and charitable uses," and that, in the language of our Supreme Court: "The act of 1855 is for the protection of a testator for the last full calendar month of his life against yielding to any influences during that period—so often a susceptible one —which may unduly lead him to devote his estate, or any portion of it, to religious or charitable uses. It must be literally read and strictly construed, if effect is to be given to the legislative intent, and cannot be stretched to save a bequest clearly intended by the act to be void. Charitable or religious institutions claiming bequests or devises must bring themselves within it. As between them and the next of kin of a testator there are no equities, and the rights of each are such only as are given by the statute." We are of opinion that in so far as time alone is concerned a lien filed by a sub-contractor on November 19th of any year has not been prematurely filed if notice of his intention was served on October 19th.

The assignment of error is overruled and the appeal is dismissed without prejudice, etc.