## Lackawanna County Undertakers' Association et al. v. State Board of Undertakers et al.

*James J. Powell*, for petitioners.

*Penrose Hertzler*, Deputy Attorney-General, contra.

HARGEST, P. J., Oct. 11, 1928.—This case comes before us upon a petition for a declaratory judgment and the answer thereto, asking us to interpret section 6 of the Act of June 7, 1895, P. L. 167, as amended by the Act of March 30, 1925, P. L. 92, and the Act of May 13, 1927, P. L. 1005.

The precise question is whether one must be engaged continuously and exclusively in the business of undertaking to be entitled to a license to practice said business.

The facts are not disputed. The State Board of Undertakers has found as a fact that John W. Wrobolski, Vincent J. McGraw, Kenneth R. Williams and William L. Byrne were qualified to be examined by said board upon their applications for licensure; said examinations have been given and the board is now considering these applications. During the two years within which the applicants claim they have had practical experience in the undertaking business, John W. Wrobolski was a mechanic working in the railroad shops at Ashley, Luzerne County, Pa.; Vincent J. McGraw was an employee of the Highland Coal Company, located at Freeland, in said county; Kenneth R. Williams was an employee of the First National Bank of Plymouth, in said county, and William L. Byrne was an employee, for nine months during said two years, of the Hudson Coal Company, in the Borough of Olyphant, Lackawanna County. Each of the said defendants had permission from their respective employers, and were at all times free to attend to their duties as registered assistants to licensed undertakers, whenever they were called

upon, and did leave their several employments to embalm bodies, conduct funerals and perform such other duties in the line of their employment as the respective undertakers for whom they worked had for them to perform.

The statute above referred to provides for the qualifications of persons to be licensed to practice the business of undertaking. In so far as it affects this case, it provides: "If the board shall find, upon due examination, that the applicant or applicants . . . have had practical experience in the business of undertaking, for two years continuously, with an undertaker or undertakers—the board shall issue to said applicant or applicants, upon payment of a fee of, twenty-five dollars, a license to practice said business of undertaking, and shall register such applicants or applicant as duly licensed undertakers."

The petitioners contend that the individual defendants have not fulfilled the requirements of the statute because they have not been employed exclusively by licensed undertakers, and the question is whether they "have had practical experience in the business of undertaking, for two years continuously, with an undertaker or undertakers."

It is argued that the statute should be construed with reference to the object intended to be accomplished by it, and that, unless we construe the word "continuously" to include also "exclusively," it will be giving to the statute a meaning which falls short of the legislative intention. We cannot adopt this view. The words "continuous" and "exclusive" are not synonymous. "Continuously" means to the end of the period or term (Zelleken v. Lynch, 104 Pac. Repr. 563, 564; 80 Kan. 746), and is not synonymous with "incessantly" or "uninterruptedly:" United States Shipping Co. v. United States, 146 Fed. Repr. 914, 920; Nauman v. Treen Box Co., 280 Pa. 97, 101. On the other hand, "exclusively" means to the exclusion of all others: 17 Cyc., 871-872; Com. v. Superintendent of House of Correction, 64 Pa. Superior Ct. 613, 623; Hofer's Appeal, 116 Pa. 360; People v. Lawler, 77 N. Y. Supp. 840, 842.

If a minister preached regularly in a particular church over a period of two years, he could be said to have preached continuously, even though he occasionally preached elsewhere, but he could not be said to have preached exclusively in that church. So if these applicants did all of the practical work which their several employers had for them to do in the business of undertaking, there is no doubt that each of them would have "practical experience in the business of undertaking, for two years continuously," even though the business was not of sufficient volume to require their exclusive time.

It might take a very large undertaking business, to be found perhaps in few places, which would require the exclusive time of assistants to licensed undertakers. In any event, the legislature has not put that requirement upon persons desiring to qualify for examination and licensure. It requires practical experience for two years continuously, but does not require such applicant to remain idle during the time there is no undertaking work to perform. If the State Board of Undertakers finds as a fact that the applicants have had practical experience in the business of undertaking for two years continuously with an undertaker or undertakers and that they are otherwise qualified under the statute, they may be licensed, even though they have not been exclusively employed by undertakers.

Now, Oct. 11, 1928, we declare that the Act of May 13, 1927, P. L. 1005, amending the 6th section of the Act of June 7, 1895, P. L. 167, requires continuous practical experience in the business of undertaking, but not exclusive employment therein, and the petition requesting us to declare otherwise is hereby dismissed, at the cost of the petitioners.

From Homer L. Kreider, Harrisburg, Pa.