Bennar, Appellant, *v.* Central Mausoleum Co.

Argued May 27, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Paul A. Kunkel,* for appellant.

*Snyder, Miller & Hull* and *Earl V. Compton,* for appellee, offered no oral argument.

PER CURIAM, June 27, 1931:

This appeal is from a judgment entered in favor of defendant, on a sci. fa. sur mechanic's lien.

Defendant company contracted, under date of February 20, 1929, with Henry E. Curtis, a contractor, for the erection of a mausoleum on the premises of the East Harrisburg Cemetery Company. Curtis entered into a stipulation, filed of record February 21, 1929, that no lien would be filed against the premises or building contracted for, by himself or by any subcontractor. On February 23, 1929, Curtis in writing executed a subcontract with Bennar, the claimant, for part of the work and material required in the erection of the mausoleum. The subcontractor proceeded to carry out his contract until September, 1929, when Curtis became insolvent and the work temporarily ceased. Bennar then filed two liens (not the subject of this present proceeding) both of which are still pending in the court below and cover work done and material furnished up to that time. Later, the bonding company for Curtis took over completion of his contract and carried on the work through a contractor named Stapf. The claim, filed June 17, 1930, on which the present sci. fa. is based, covers the same material and labor furnished as that included in the two liens mentioned above, and, in addi-

tion, covers other material which it is claimed was delivered on the ground sometime before November, 1929, and was used by Stapf. As the court below pointed out, the present lien patently has been filed to meet objections and weaknesses in the two earlier pending liens. Stapf merely acted as agent for Curtis and the bonding company; consequently his activity did not enlarge claimant's right to file liens against the mausoleum company.

The present lien is technically defective; it does not show compliance with the statutory requirement concerning notice to defendant of the filing of a claim of such character. However, we omit discussion of this point, calling attention to what was said in Herr v. Moss Cigar Co., 237 Pa. 232, 238-9. It is evident that the judgment in favor of defendant must be sustained in view of the stipulation against encumbrances above mentioned. Section 15 of the Act of June 4, 1901, P. L. 431, 438, as amended by the Act of April 24, 1903, P. L. 297, 298, provides for such stipulations against liens and that admissible evidence showing them to be binding on subcontractors (aside from proof of actual notice) shall be proof that such a stipulation was "filed in the office of the prothonotary of the court of common pleas [of the proper county] prior to the commencement of the work upon the ground, or within ten days after the execution of the principal contract, *or* not less than ten days prior to the contract with the claimant." (Italics ours.) The claimant admits the stipulation was filed previous to commencement of the work upon the ground and within ten days after execution of the principal contract. Claimant's contention that the stipulation must also have been filed "not less than ten days prior to the contract with the claimant" cannot be sustained. In the above-quoted provisions of the act, the legislature used the disjunctive "or" to introduce the last clause, and we find nothing in the statute or in claimant's argu-

ment to warrant the judicial interpretation of that word as if it were the conjunctive "and."

The decision in this case cannot be affected by claimant's plea of an oral waiver of the stipulation against liens, nor by averments in the recent affidavit made by Bennar and filed in this court subsequent to argument of the case, as a statutory provision (Act of April 24, 1903, P. L. 297, 298) restricts admissible evidence, to the effect that a stipulation against liens has been waived in favor of a claimant, to written agreements signed by all parties who, under the contract, are interested antagonistically to claimant's allegation. Claimant presented no such written evidence. The remaining arguments advanced by appellant are unavailing either because they are without merit or because they were raised in this court for the first time contrary to our ruling in Achenbach v. Stoddard, 253 Pa. 338, 343, 344.

The judgment is affirmed at appellant's costs.