# T. N. Olivieri Company v. East Pennsylvania Eldership of the Church of God et al.

*Lionel Teller Schlesinger*, for plaintiff; *Lloyd J. Schumaker*, for defendants.

LAMBERTON, J., June 29, 1932.—This is a mechanic's lien case with a very narrow issue. Viewing the matter in the light of the averments and admissions contained in the pleadings filed on behalf of the plaintiff, as we must in this proceeding, motion for judgment having been filed on behalf of defendants, the facts are as follows:

The owner and contractor on June 15, 1931, entered into a written agreement providing for the construction of a building on ground owned by the former in the City of Philadelphia. This agreement contained the usual and proper stipulation against mechanic's liens, and was filed of record and duly indexed in the prothonotary's office on June 18, 1931. On the same date as the principal contract, namely, June 15, 1931, the contractor and plaintiff, as subcontractor, entered into a written agreement under which plaintiff was to do a certain portion of said construction work, namely, excavation, concrete, etc.

For some reason not disclosed in the pleadings or at the argument, plaintiff commenced the delivery of materials and the furnishing of labor on June 1, 1931, fourteen days before the execution of either the principal or the subcontract.

Failing to receive payment from the contractor of part of the moneys owing to him, plaintiff filed a mechanic's lien, and the question at issue is whether such a lien could properly be filed under the circumstances above recited. Section fifteen of the Act of June 4, 1901, P. L. 431, as amended by the Act of April 24, 1903, P. L. 297, provides in part as follows:

"The right to file a claim may be waived by agreement between the claimant and the party with whom he contracts or by any conduct which operates equitably to estop the claimant. If the legal effect of the contract between the owner and the contractor is that no claim shall be filed by anyone, such provision shall be binding; but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials furnished by him; or proof that a duly written and signed contract to that effect has been filed in the office of the prothonotary of the court of common pleas of the county or counties where the structure or other improvement is situate, prior to the commencement of the work upon the ground, or within ten days after the execution of the principal contract, or not less than ten days prior to the contract with the claimant."

It will be noted that a subcontractor is not bound by a stipulation against liens in the absence of actual notice unless the contract containing such stipulation is filed in the office of the prothonotary prior to the commencement of the work upon the ground, or within ten days after its execution, or not less than ten days prior to the contract with the claimant. In this case, we have a valid and proper stipulation against liens properly filed and indexed in the office of the prothonotary, but there is no question of actual notice to the subcontractor, nor was the contract filed prior to the commencement of the work, nor was it filed ten days prior to the contract with the plaintiff. However, it was filed within ten days after its execution, and defendants claim that this in itself is sufficient to bar the filing of the lien by plaintiff. With this contention we agree. We regard the several clauses in the act as being alternatives, and when any one of them is present, the filing of a lien is barred. We could come to no other conclusion under the wording of the act itself and under the decisions of our courts, particularly the cases of Bennar v. Central Mausoleum Co., 304 Pa. 569, Herr v. Moss Cigar Co., 237 Pa. 232, and Rich v. Boguszinsky, 88 Pa. Superior Ct. 586.

In his brief, counsel for plaintiff argues that the filing of a lien by a subcontractor is not barred unless the stipulation against liens is filed before visible work is commenced on the ground. We can find no justification for this contention in the act, and the wording of the act must control, for our mechanic's lien law is purely statutory. At the oral argument, counsel for plaintiff argued that the word "or" as used several times in section fifteen of the act is conjunctive and not disjunctive and should be read as if it were "and." It is true that the courts, at times, will so construe the word "or" when such construction is necessary to give effect to the very evident legislative intent. However, normally, the word "or" is disjunctive, and we can see no reason for a forced construction in the present case. In the case of Bennar v. Central Mausoleum Co., supra, the court expressly holds that the word "or" used to introduce the last clause quoted above in section fifteen of the mechanic's lien law is disjunctive and that there is nothing in the statute to warrant the judicial interpretation of that word as if it were the conjunctive "and." In our judgment, this is decisive of the present case. The

various words "or" quoted above are undoubtedly used in the same sense, and it is idle to argue that one of such words should be read as if it were "and" when the Supreme Court has expressly said that another of such words cannot be so read.

And now, to wit, June 29, 1932, the motion of each defendant for judgment on the whole record is sustained, and judgment is hereby entered in favor of the defendant, East Pennsylvania Eldership of the Church of God, and in favor of the defendant, J. Madison Heppe, against the plaintiff, T. N. Olivieri, trading as T. N. Olivieri Company.