## Kerr v. Lehew

*Henry G. Gress* and *Shaver & Heckman,* for plaintiff. *A. M. Matthews,* for defendant.

BOOSE, P. J., January 27, 1944.—On November 4, 1943, plaintiff instituted this action in trespass against defendant by filing his statement of claim, endorsed with notice to defendant requiring him to file an affidavit of defense within 15 days from the service thereof; and on the same day lodged a præcipe for the issuance of a summons with directions to the sheriff to serve a copy of plaintiff's statement of claim with the

writ returnable sec. leg. The summons, dated November 4, 1943, was issued as directed, returnable the second Monday of December 1943; and service thereof, with a copy of plaintiff's statement of claim, was accepted by defendant's counsel as appears by his endorsement on the back thereof. On December 2, 1943, defendant filed his affidavit of defense and counterclaim with notice to plaintiff endorsed thereon requiring him to file a reply within 15 days. On December 5, 1943—more than 15 days after the service of the summons and copy of the statement of claim, but five days before the return day of the summons—plaintiff filed a motion to strike off the affidavit of defense and counterclaim on the ground that the same was not filed within 15 days after the acceptance of service of the summons and the copy of plaintiff's statement of claim.

Section 12 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of March 10, 1921, P. L. 16, requires the defendant to file an affidavit of defense to the statement of claim within 15 days from the day when the statement was served upon him, but provides, "That no affidavit of defense shall be required to be filed under the provisions of this act in any case before the return day of the writ or summons." Where the 15 days after the service of the summons and statement of claim have expired before the return day of the summons, the defendant has until the return day of the writ to file his affidavit of defense; and a judgment entered before said return day will be stricken off: J. B. Colt Co. v. Shirk, 3 D. & C. 56. The effect of the amending Act of 1921 is to render obsolete the decision of the Supreme Court in Beishline v. Kahn et al., 265 Pa. 101, holding that judgment may be entered against the defendant for want of an affidavit of defense before the return day of the summons. The fact that an affidavit of defense is filed after the 15-day period—that is, after the expiration of 15 days from the time the

statement is served upon the defendant—is not a reason for striking off the affidavit if judgment was not entered at the time it is filed: Rich v. Boguszinski et ux., 85 Pa. Superior Ct. 385; Walsh v. James, 26 Dist. R. 458; 3 Standard Pa. Practice 690.

### Order

Now, January 27, 1944, the rule to show cause why defendant's affidavit of defense and counterclaim should not be stricken off is discharged with leave to plaintiff to file a reply thereto within 15 days.