## McCrady-Rodgers Company, Appellant *v.*
## Nenoff et al.

Argued April 14, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

. W. F. McCrady, Jr., of McCrady, Nicklas & Hirsch-field, for appellant.

Charles L. Wilmot, for appellees.

Opinion by Baldrige, J., September 27, 1944:

This appeal is from the order of the court below quashing a writ of scire facias sur mechanics lien and striking the lien from the record.

The salient facts, which were agreed upon, may be summarized as follows. On March 18, 1941, Helen C. Nenoff, owner of a property on Ludwig Street, Pittsburgh, and Charles Papale, contractor, executed a contract for the erection of a dwelling which provided against the filing of mechanics' liens by subcontractors. McCrady-Rodgers Company, appellant herein, under and in pursuance to verbal requests of Papale, the principal contractor, made deliveries of building materials on the Nenoff property on 43 different dates beginning March 27, and ending September 10, 1941. Helen C. Nenoff, the owner, did not file her no-lien contract of record in the prothonotary's office until May 8, 1941. The first delivery by the claimant, Mc-Crady-Rodgers Company, thereafter was May 19, 1941. On December 9, 1941, the claimant served written notice on the owner of its intent to file a mechanic's lien for materials delivered between March 27, and September 10, 1941. Later the lien was filed of record in the Court of Common Pleas of Allegheny County, a scire facias issued and an affidavit of defense filed wherein it was averred that the subcontractor's lien was invalid. The court sustained the position taken by the owners at the trial that under section 15 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 24, 1903, P. L. 297, 49 PS §72, the recording of the no-lien contract barred the filing of a lien for all deliveries of the claimant made 10

days after it was recorded; that the claimant had no right to a lien for deliveries made between March 27, and May 8, 1941, or prior to the recording of the no-lien contract as it did not, under section 8 of the Mechanic's Lien Act, supra, serve notice of its intention to file a claim within 3 months of the last material furnished for which, under section 15, a valid lien could be filed.

The appellant argues that the recording of the no-lien contract long after the several deliveries of materials, does not bar its lien; that when it examined the records of the prothonotary's office, which did not disclose the existence of a no-lien contract on the date of the first delivery, it was not required to make daily examinations of those records. Subcontractors need not make repeated and continuous examinations of the prothonotary's records to protect themselves; that would be an unreasonable requirement not intended by the legislature. Furthermore, if that were so the owner and principal contractor would be in a position to perpetrate a fraud upon subcontractors and material men.

The Mechanic's Lien Act of 1901, supra, as amended is in effect a codification of the Mechanic's Lien Law as it existed at that time. It must be assumed that the legislature had complete knowledge of the Act of 1855, P. L. 238, now repealed, which was passed to protect those furnishing materials and doing labor after the decision was handed down in *Phillips v. Duncan,* 5 Clark, 358, which held that a contractor who purchased lumber as he needed it made a new contract at every purchase and that the law barred the filing of his claim for any purchases more than 6 months old. That is plainly pointed out in *Singerly v. Doerr et al.,* 62 Pa. 9.

Although the materials were ordered and delivered at different dates, under section 12 of the Act of 1901, supra, 49 PS §54, we have a single undertaking and the items furnished have the same unity as if furnished

under one contract. This section gave the right to the claimant to file a single claim for all the materials he delivered to the owner. It expressly stated that if labor or materials are furnished continuously in the erection of a building "though furnished under more than one contract" the claimant may sign a single claim "with the same effect as if furnished continuously under a single contract." That the materials were "continuously" furnished is conceded by the owner in the stipulation of facts. The language is so plain in that section, as well as in the Act of 1855, supra, that the decisions thereunder have uniformly held that if work or materials are furnished continuously in the erection of a building, though under separate contracts or verbal orders, as in this case, and a claim is filed within 6 months of the last items delivered it is just as effective as though the claimant had a definite contract to furnish all the labor or materials: *Singerly v. Doerr et al.,* supra; *Hofer's Appeal,* 116 Pa. 360, 9 A. 441; *Felheim v. Perry Brewing Company,* 63 Pa. Superior Ct. 561.

Section 15 provides in part as follows: "If the legal effect of the contract between the owner and the contractor is, that no claim shall be filed by any one, such provision shall be binding; but the only admissible evidence thereof, as against a sub-contractor, shall be proof of actual notice thereof to him, before any labor or materials furnished by him; or proof that a duly written and signed contract to that effect has been filed in the office of the prothonotary of the court of common pleas of the county or counties where the structure or other improvement is situate, prior to the commencement of the work upon the ground, or within ten days after the execution of the principal contract *or not less than ten days prior to the contract with the claimant;* ......" (Italics supplied.) The filing of a no-lien contract under any one of the three conditions mentioned

is sufficient to defeat a lien as the wording of the act is in the alternative and not the conjunctive: *Bennar v. Central Mausoleum Co.,* 304 Pa. 569, 156 A. 239.

Section 15 must not be construed independently, but be considered in connection with section 12 under the Statutory Construction Act of May 28, 1937, P. L. 1019, Article IV, §51, 46 PS §551. Actual notice of the no-lien contract was not given the subcontractor before he entered into a contract with the contractor Papale or to the furnishing of the materials, nor was there a compliance with the other stipulations in section 15, so that the contract in this case relates back to the initial delivery. The principal contract was not binding therefore, on this claimant.

It seems quite obvious that the policy of our present Mechanic's Lien Law is that an owner should be required to record promptly his no-lien contract. It would be a hardship to require a material man, who ordinarily does not enter into any formal, definite contract, to be deprived payment for the materials furnished as in this case, if there is a no-lien contract between the owner and principal contractor, of which he has no express notice and is unrecorded. Ordinarily materials are procured as needed and as the work progresses, by giving informal, verbal, or written orders. We think the injustice of the construction given sections 12 and 15 of this act by the court below, as heretofore noted, is apparent from the results reached in this case; that it is directly in conflict with the policy of section 12 and decisions thereunder permitting a claimant to file a notice within 3 months of the last delivery, though made under a series of separate contracts. No decisions have been cited supporting the result reached. *Bennar v. Central Mausoleum Company,* supra, which is relied upon, does not sustain the lower court's interpretation of our Mechanic's Lien Law.

The appellant also attacked the constitutionality of

the Act of 1935, P. L. 168, which authorizes the court of common pleas in counties of the second class to keep two separate indexes or dockets for judgments or liens; one to be known as the "general" and the other "in rem", alleging that it offends sections 3 and 6 of the Constitution of Pennsylvania and that as the no-lien contract appeared in the in rem docket only, it had no legal notice of the contract. It is unnecessary to pass upon that question in view of our holding that the court below was not warranted in striking off claimant's lien.

Judgment is reversed, the lien is reinstated and judgment is directed to be entered for plaintiff on the scire facias unless other legal cause is shown to the contrary.