## Deets, Appellant, *v.* Freed et al.

Argued October 5, 1949. Before RHODES, P. J., DITH-RICH, ROSS, ARNOLD and FINE, JJ. (HIRT and RENO, JJ., absent).

*Samuel Lichtenfeld,* for appellant.

*Samuel J. Halpren,* for appellees.

OPINION BY ROSS, J., November 15, 1949:

This is an appeal by a sub-contractor (plaintiff) from a judgment in favor of the owner (defendant) on a scire facias sur mechanic's lien.

The facts being undisputed, the parties submitted the case to the court below on the question whether the sub-contractor was barred as a matter of law from filing an enforcible claim because of a no-lien contract between the owner and the principal contractor. The court decided the legal question in favor of the owner, and the sub-contractor took this appeal.

Section 15 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 24, 1903, P. L. 297, 49 PS 72, provides in part as follows: "If the legal effect of the contract between the owner and the contractor is, that no claim shall be filed by anyone, such provision shall be binding; but the only admissible evi-

dence thereof, as against a sub-contractor, shall be proof . . . that a duly written and signed contract to that effect has been filed in the office of the prothonotary of the court of common pleas of the county . . . where the structure or other improvement is situate, prior to the commencement of the work upon the ground, or within ten days after the execution of the principal contract or not less than ten days prior to the contract with the claimant; and the prothonotary shall index the same, making the contractor the defendant and the owner the plaintiff. . . .' "The filing of a no-lien contract under any one of the three conditions mentioned is sufficient to defeat a lien as the working of the act is in the alternative and not the conjunctive: Bennar v. Central Mausoleum Co., 304 Pa. 569, 156 A. 239." *McCrady-Rodgers Co. v. Nenoff*, 155 Pa. Superior Ct. 555, 559, 39 A. 2d 260.

On April 14, 1948, the owner Freed and the principal contractor Dio Guardi entered into a written agreement for the furnishing of materials and the construction of an addition to the owner's building situated in Downingtown, Chester County. The contract containing a stipulation against the filing of mechanic's liens was filed and indexed in the prothonotary's office of Chester County on April 16, obviously within ten days after its execution.

The plaintiff does not question the legal sufficiency of the stipulation against liens or that the contract was properly and timely filed and indexed. However, he contends that since the stipulation was contained in the principal contract and was not a separate contract, he is not barred from filing his claim for materials furnished and labor performed under *his* contract with the principal contractor. In other words, he contends that to bar a sub-contractor from filing a mechanic's lien against a property for which he has furnished materials and/or labor, a no-lien stipulation between the

owner and the principal contractor must be in a separate instrument and may not be included in the principal contract.

There is no merit in this contention. In *Rich v. Boguszinsky*, 88 Pa. Superior Ct. 586, this Court held sufficient an affidavit of defense which averred that the contract between the owner and the principal contractor contained a stipulation against liens and had been duly filed within ten days after its execution. The purpose of filing and indexing a no-lien stipulation between owner and contractor is to furnish record notice to all sub-contractors of the principal contractor's agreement against the filing of claims, and this purpose is served whether the no-lien provision is in the principal contract or in a separate stipulation. For a comprehensive discussion of no-lien contracts in Pennsylvania see annotation in 13 A. L. R., starting at page 1084.

Judgment affirmed.