## Gulian v. Gulian

*Duffy, McTighe & McElhone,* for plaintiff.

*Wisler, Pearlstine, Talone & Gerber,* for defendant.

FORREST, J., December 27, 1954.—Plaintiff, Elizabeth Gulian, has brought this action in trespass against defendant, Henry Gulian, alleging in her complaint that he "did wilfully and forcefully remove" her cash in the amount of $993.83 from her brother's parked car, while she was temporarily in a building removing some of her personal belongings, and that he retained the money in spite of her protests. The complaint does not specify that plaintiff is defendant's wife, although counsel concedes that such is the case. Plaintiff has concluded her complaint with a demand for compensatory damages and also for exemplary damages. Defendant has filed a preliminary objection entitled a "Motion to Strike Off" the claim for exemplary damages. He contends that exemplary or punitive damages are unwarranted except under circumstances of violence, oppression or outrage and, also, that in no event can one spouse recover such damages against the other.

First, the propriety of the motion to strike off the complaint must be considered. Under Pa. R. C. P. 1017 (*b*) (2), authorizing "a motion to strike off a pleading because of lack of conformity to law or rule of court

or because of scandalous or impertinent matter", prior practice is continued. "The motion to strike can only be directed at defects appearing of record and cannot be used as a substitute for a demurrer to test the legal sufficiency of a cause of action or defense": Anderson, Pa. Civ. Pract., vol. 2, pp. 324-25.

". . . a motion to strike . . . applies only where objection is made on the ground that some rule of pleading has been violated . . .": National Cash Register Co. v. Ansell, 125 Pa. Superior Ct. 309, 313 (1937).

The question of whether or not a pleading shows, as a matter of law, that the pleader is not entitled to recovery, cannot be raised by a motion to strike. See Knapp Bros. Mfg. Co. v. Robinson Electrical Co., 103 Pa. Superior Ct. 463 (1931); Rich v. Boguszinski, 85 Pa. Superior Ct. 385 (1925).

If defendant's preliminary objection is considered as in the nature of a demurrer pertaining to the claim of punitive damages, should it be overruled on the principle that "The demurrer cannot be used to question the measure of damages of the adverse pleading. . . .": Anderson Pa. Civ. Pract., vol. 2, p. 336. It has been stated that: "Questions relating to . . . damages . . . cannot be decided upon an affidavit of defense raising questions of law": Suraci v. Ball, 160 Pa. Superior Ct. 349, 354 (1947).

However, the complaint presently being considered is double barreled, consisting of a claim for money allegedly taken and a claim for punitive damages, although the latter claim arises from the same facts and circumstances as the former. Recovery of punitive damages has been allowed where plaintiff has shown "malice and ill-will on the part of the defendants, and that the trespass was wanton and aggravated. . . .": Kennedy v. Erdman, 150 Pa. 427, 436 (1892).

"As a general rule of pleading, 'it is not necessary to claim exemplary damages by name, it being suffici-

ent if the facts alleged and the proofs be such as to warrant their assessment'": Joseph v. Naylor, 257 Pa. 561, 564 (1917). Accordingly, we shall consider this preliminary objection to be in the nature of a demurrer to the claim for punitive damages and not a motion to strike off.

The question now arises whether any married woman may recover punitive damages from her spouse.

". . . at common law, owing to the identity of husband and wife, neither can, in the absence of statute, maintain a civil action for tort against the other . . ." during coverture: Cardamone v. Cardamone, 9 D. & C. 723 (1927), p. 724. In Pennsylvania this rule was modified by legislation. The statute currently effective is the Act of June 8, 1893, P. L. 344, sec. 3, as amended by the Act of March 27, 1913, P. L. 14, sec. 1, 48 PS §111, which provides:

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to *protect and recover her separate property.* . . ." (Italics supplied.)

Nevertheless, the rights of a married woman are still not as extensive as those of a man or of a feme sole trader. This may be seen by examining the cases, such as that at hand, wherein a wife has brought an action against her husband for unliquidated damages. Recovery has never been allowed in such instances.

". . . unliquidated damages are not 'property', either in common parlance or technical language. If the legislature had intended to give the wife a general power to sue, as a *feme sole,* it would have said so. . . . The legislature has undertaken to enumerate the cases in which she may sue, and all others are omitted; *Expressio unius exclusio est alterius,* is a sound legal

maxim. . . . The action is for damages merely. Such an interest would not pass by a transfer of all her property, or by an assignment under the bankrupt or insolvent laws; it would be treated as a mere personal right, as much as would the unliquidated damages arising from a trespass on the land. This may, to a certain extent, be treated as a remedial statute . . . but as it countervails a great common law principle, which makes the husband and wife one, and overturns a salutary rule of public policy, which prohibits and discourages all litigation between husband and wife, it should be strictly construed, and not extended beyond the letter. . . .": Miller v. Miller, 44 Pa. 170, 171-172 (1863). See also Smith v. Smith, 14 D. & C. 466, 470 (1930).

"A woman's right in a tort action is not, under our authorities, considered property within the meaning of the married women's acts, for the damages are unliquidated": Lipschutz v. Kohl, 16 D. & C. 386 (1931). See also pertinent discussion in Shoyer v. Shoyer, 36 D. & C. 673, 674 (1939) :

"In support of his first contention, plaintiff relies on the theory that the term 'property', for the protection of recovery whereof a wife is empowered to sue, is legally a nomen generalissimum which, unless restricted by the context or by necessary implication, embraces every form of property right, physical or material, tangible or incorporeal. . . . However, this argument overlooks the fact that, if the Pennsylvania act above quoted is to be given any meaning at all, its language necessarily restricts the meaning of the word 'property'. The definition of 'property' contended for by plaintiff is so broad it would virtually nullify the obvious intent that, generally speaking, a wife may not sue her husband."

". . . the phrase 'her separate property', as used in the acts referred to, does not include unliquidated

damages for a tort committed by the husband against his wife": Algard v. Algard, 39 D. & C. 486, 488 (1940). See also Ellis v. Brenninger, 71 D. & C. 583 (1950).

In Jiles v. Jiles, 64 Pitts. L. J. 363 (1916), although punitive damages were not allowed it seems to be implied that under certain exceptional circumstances of "outrage" a wife may be awarded such damages against her husband. However, the overwhelming weight of authority is to the contrary.

Since it clearly appears that plaintiff's claim of punitive damages does not fall within the purview of any of the statutory exceptions to the common law prohibiting suits by a wife against her husband, the preliminary objection, considered as a demurrer, should be sustained.

### Order

And now, December 27, 1954, it is ordered, adjudged and decreed that defendant's preliminary objection, considered as a demurrer, is sustained. An exception is granted to plaintiff.