# Sax v. School District, Appellant.

*Constitutional law—Municipal work—Subcontractors—Act of May 6, 1909, P. L. 441—Special legislation—Mechanics' lien.*

1. The Act of May 6, 1909, P. L. 441, entitled, "An Act providing a method whereby moneys due subcontractors for labor and materials furnished for and in the construction of municipal work or public improvements may be secured and recovered," violates Section 7, of Article III, of the Constitution, which provides, among other things, that the general assembly shall not pass any local or special law "authorizing the creation, extension, or impairment of liens," "regulating the affairs of counties, cities, townships"......"or providing or changing methods for the collection of debts."

2. The act provides a new method by which a special class of creditors may collect a special class of debts, in which respect it is clearly divergent from, and an advance upon the law as it stood prior to the Constitution of 1874, and is invalid.

3. A school district is not justified in withholding payment of a balance due a contractor for labor and materials furnished in the erection of a school building because of a notice of lien by a subcontractor under the Act of May 6, 1909, P. L. 441.

Argued April 10, 1912. Appeal, No. 133, Jan. T., 1912, by defendant, from judgment of C. P. Luzerne Co., March T., 1912, No. 200, for plaintiff on case stated in case of Sax and Abbott Construction Company v. School District of the City of Wilkes-Barre. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on case stated. Before FULLER, J.

Hon. George S. Ferris, as referee, found for the plaintiff on the case stated, and the court subsequently overruled defendant's exceptions to his report and directed that judgment be entered in accordance therewith. The case turned upon the constitutionality of the Act of May 6, 1909, P. L. 441.

1912.]     Assignment of Error—Opinion of the Court.

*Errors assigned* were in overruling various exceptions to the referee's report.

*John H. Dando,* for appellant.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Evan C. Jones* and *George R. Bedford,* for appellee, cited: Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Vulcanite Paving Co. v. Rapid Transit Co., 220 Pa. 603; Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Sterling Bronze Co. v. Improvement Assn.; 226 Pa. 475; Page v. Carr, 232 Pa. 371; Ley Construction Co. v. Allegheny County, 57 Pitts. Leg. Journal 506.

OPINION BY MR. CHIEF JUSTICE FELL, July 2, 1912:

The defendant was admittedly indebted to the plaintiff in the sum of $30,990.47, the balance due on a contract for the erection of a school building. The only reason for withholding payment was that a notice of a lien in conformity with the provisions of the Act of May 6, 1909, P. L. 441, had been served upon its treasurer by a sub-contractor under the plaintiff. The case turned on the effect of this notice. The learned referee reported that the notice was inoperative, and without legal effect because the Act of May 6, 1909, under which it was given, is unconstitutional. His report was confirmed by the court and judgment was entered in accordance therewith.

The Act of 1909 is in direct violation of Section 7, of Article III, of the Constitution, which provides, among other things, that the general assembly shall not pass any local or special law "Authorizing the creation, extension or impairment of liens," "Regulating the affairs of counties, cities, townships," &c ...... "or providing or changing methods for the collection of debts." The act is entitled,

"An Act.—Providing a method whereby moneys due subcontractors for labor and materials furnished for and in the construction of municipal work or public improvements may be secured, and recovered."

Section 1 provides, inter alia,

"That when labor or materials are furnished for, and in the construction of, any municipal work or public improvement, any subcontractor who has furnished labor or materials therefor may, at any time before the construction of such work or improvement is completed, and accepted by the municipality, file a written notice of a lien, duly sworn to by the subcontractor, or by one of his or its agents or officers, with the head of the department or bureau, if any, having charge of such construction, and with the controller or financial officer of the municipality, or other person or officer charged with the custody and disbursement of the municipal funds applicable to the contract under which the claim is made." Section 2 provides, "Such claim, so filed, shall be a lien for the principal and interest of the value or agreed price of such labor or materials, and unpaid, upon the moneys of the city, borough, or other municipal or quasi-municipal corporation, applicable to the construction of such improvement." Section 3 provides, "Such a lien shall not continue for a longer period than sixty days from the time of the filing of the aforesaid notice, unless an action in assumpsit to recover the amount so claimed is commended within that time by the claimant or claimants, against the contractor, and written notice of the pendency of such action, is filed with the financial officer of the municipality, with whom the notice of the claim is, by this act, required to be filed."

Section 4 provides for the discharge of the lien and Section 5 relates to the subject of priority.

By its express terms this is a special law passed for the benefit of a special class; it authorizes the creation of a lien for the price of labor and material upon

moneys of municipal and quasi-municipal corporations applicable to the construction of public improvements; it provides a new method by which a special class of creditors may collect a special class of debts. The act was apparently intended as an extension of the Mechanics' Lien Act of June 4, 1901, P. L. 431. A number of the sections of that act have been declared unconstitutional for the reason that since the adoption of the Constitution of 1874 any statute which extends the law as it then stood by providing new methods for the collection of debts due a special class of creditors is void: Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Vulcanite Paving Co. v. Rapid Transit Co., 220 Pa. 603; Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Sterling Bronze Co. v. Improvement Co., 226 Pa. 475; Page v. Carr, 232 Pa. 371. In the case last cited it was said that any provision of the Act of 1901 which is clearly divergent from and an advance upon the law as it stood prior to the Constitution of 1874 is invalid.

The judgment is affirmed.