## Crane Co., Appellant, v. Rogers (No. 1).

*Mechanic's lien—Right of mortgagee to intervene—Constitutional law—Act of June 4, 1901, Sec. 23, P. L. 431.*

Section 23 of the Act of June 4, 1901, P. L. 431, giving "any party having a lien" against real estate the right to intervene to protect himself against a mechanic's lien improperly or fraudulently filed against the property, is constitutional. The fact that judgment has been entered on the mechanic's lien does not lessen the right, if the persons to be benefited by the act use due diligence.

Where a judgment has been entered upon the lien the intervenor has no right to have the lien stricken off, but merely to have it postponed to his own lien so as to do him no injury.

In such a case a petition for intervention cannot be attacked on

appeal because the intervenor did not personally sign and swear to the petition, if it appears that no objection was made on this ground in the answer, and that the cause had been heard on its merits.

*Mechanic's lien—Subcontractors—Materials furnished—Date of delivery.*

A mechanic's lien filed by a materialman will be stricken off as insufficient, where the various articles of material furnished and their price are averred, but there is no averment as to the dates of the delivery of several specific articles, other than that "claimant first furnished and delivered the said goods and merchandise and materials on December 13, 1910, and last furnished and delivered said goods and materials and merchandise on October 28, 1911, and continuously from time to time between said dates." Burrows v. Carson, 244 Pa. 6, followed.

Argued Dec. 11, 1914. Appeal, No. 241, October T., 1914, by plaintiff, from order of C. P. No. 5, Philadelphia Co., March T., 1912, No. 100, M. L. D., striking off mechanic's lien in case of Crane Company v. Calvin W. Rogers, George B. Kilpatrick and Josephine L. Kennedy, Owners or Reputed Owners, and Alfred S. Powell, Contractor. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Rule to strike off mechanic's lien.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to strike off lien.

*John W. Best,* with him *E. Clark Freeman,* for appellant.

*Edward Hopkinson, Jr.,* with him *A. S. Ashbridge, Jr.,* and *Abraham M. Beitler,* for appellees.

OPINION BY KEPHART, J., July 21, 1915:

This is a proceeding under Sec. 23 of the Act of June 4, 1901, P. L. 431, by a mortgagee to strike off a judgment

entered on a scire facias sur mechanic's lien. This section provides as follows: "Any party having a lien against, estate in or charge upon the property included in such claim, may file his petition, under oath or affirmation, averring that......for any reason the claim is postponed to the rights of the petitioner, and praying an appropriate decree; whereupon the court shall grant a rule upon such claimant to show cause why the relief prayed for should not be allowed, and, shall stay proceedings on the claim pending the hearing of the rule, should justice so require. At the instance of others than those personally served with the scire-facias, such rule shall be allowed, though judgment be recovered on the claim. The court shall from the pleadings, aided as to the material disputed facts, if any, by depositions, or by a hearing at bar, make such order or decree as the facts shall warrant......." Appellant objects to the constitutionality of this section in so far as it regulates practice by permitting the mortgagee to intervene for the purpose therein mentioned. It has been held that the legislature could not enlarge the rights, which existed prior to the Constitution of 1874, in favor of mechanic's lien creditors, either as to the property subject to their claims or the remedy for their enforcement. "The result of the decisions...... is to make it clear that any provision of the Act of 1901 which is clearly divergent from, and is an advance upon the law as it stood prior to the Constitution of 1874, is to be regarded as invalid": Page v. Carr, 232 Pa. 371; Sax v. School District, 237 Pa. 68. There nowhere appears in the constitutional mandate any limitation on the power of the legislature to restrict the rights and remedies held by this class of creditors prior to the Constitution of 1874: Heist v. Montayne (No. 1), 53 Pa. Superior Ct. 611. Section 23 is to some extent an abridgment of their rights. It enables persons who have a lien against an estate in or charge upon the particular land to intervene, and protect their rights or property from what may be

clearly an unlawful act, which is sometimes brought about through fraudulent motives. Contractors and owners might, by collusion, render valueless liens and estates through the enforcement of irregular and unlawful mechanics' liens. The section provides that, after judgment, intervention might be had at the instance of others than those personally served. The petitioner is the assignee of a first mortgage secured upon the premises, against which this mechanic's lien was filed. The mortgage and the assignment thereof were duly recorded. The assignee of this mortgage was therefore a proper party, within the meaning of the section, to avail himself of its provisions. The entry of the judgment does not lessen the right, if the persons to be benefited used due diligence. The section especially provides for the contingency of a judgment entered; and if it is to be given effect at all, it must include a situation such as here presented. No innocent persons are injured by this proceeding. The judgment binds only the particular property. The record of the judgment comprises a full copy of the papers and proceedings in the case, and the pleadings and process are an indispensable part thereof. In the present proceeding the lien, the scire facias, and the return are parts of the record. In the lien as filed, it is averred that the claimant first furnished and delivered said......materials on December 13, 1910, and last furnished and delivered said......materials on October 28, 1911, and continuously from time to time between said dates. Section 11 of the Act of June 4, 1901, as amended by the Act of April 17, 1905, P. L. 172, requires that the claims shall set forth "the nature or kind of the work done, or the kind and amount of materials furnished, or both, and the time when the materials were furnished."

Commenting on this provision of the act of assembly in Burrows v. Carson, 244 Pa. 6, wherein was used language similar to that used in this lien, the court says: "We think it clear that the claim filed in this case was

fatally defective and that the rule to strike it off should have been made absolute. It did not adequately set forth the nature and kind of the work done nor when it was done": McFarland v. Schultz, 168 Pa. 634. The bill of particulars attached to and made part of the lien sets forth no dates whatever. It does not show what part of the materials was delivered on the dates mentioned in the paragraph above, nor is there anything in the lien which would indicate that either the orders had been continuous or that the furnishing had been continuous, other than the statement as there mentioned. If the lien were permitted to stand it must do so on the general language and the legal conclusion used by the framer of the lien. The language of the act is clear, and when applied to claims of this character, there must somewhere appear in the lien the dates on which the materials were furnished, so that it may be determined, upon inspection by lien creditors and others whose rights are affected, if it is a claim for which a lien could be filed; or if the last furnishing was within the statutory period; or if there was such continuity in the furnishing as would prima facie tie the several deliveries from first to last under the contract of furnishing as a subcontractor. This continuity does not mean that the material should be furnished daily, but as the deliveries are made to complete the orders given, and which are a part of the claimant's undertaking, the date and quantity delivered should be set forth in the lien; or, the furnishing may be done as stated in Hofer's App., 116 Pa. 360: "When materials are furnished and work done in the erection of a building, as ordered by the owner or contractor from time to time in the ordinary progress of the work," the items have the same "unity as if furnished under a contract for the whole." In the case at bar these materials, plumbing supplies, were furnished on the verbal request of the contractor. They were charged on the books of original entry in accordance with the customary and usual market prices. When so furnished the dates of delivery

should be set out. This imposes no undue hardship; it merely applies ordinary business rules. This creditor is seeking a special remedy, which, if successful, will result in postponing an existing lien. Before availing itself of the remedy it must present its claim with such certainty that there may be no doubt of its right to a preference. The language used by the framer of the lien is broad enough to cover almost every claim filed; and those which were held irregular in Burrows v. Carson, supra, and McFarland v. Schultz, supra. The reason for the rule is obvious. It is intended to prevent fraud from being perpetrated. The time when material is furnished is just as essential to the lien as the enumeration. This may be done in the lien itself or the bill of particulars attached to and made a part thereof.

As stated by Mr. Justice MESTREZAT, in Burrows v. Carson, supra, the lien is "fatally defective," but it only becomes so in a proceeding directly affecting the lien. After a judgment is regularly entered on the lien, as against an owner, who has been duly served with a scire facias, a defect such as this will be cured by the judgment. Josephine L. Kennedy was duly served by the scire facias and failed to take advantage of this defect by way of a defense, and thereby waived her right to object. Section 23 only provides for others than those personally served to petition after judgment. It follows that the order making the rule absolute on her petition must be stricken off and the judgment reinstated at the cost of Josephine L. Kennedy.

The objection that Mr. Price did not personally sign and swear to the petition for a rule is without merit. Appellant did not raise this question in its answer. Appellee should have an opportunity to file his power of attorney, and objections of this nature should be made in due season, not after the cause has been heard on its merits.

The prayer of this petition asked to have the lien stricken from the record. Section 23 provides for an

"order or decree as the facts will warrant." Such order can only be made to relieve a mortgagee from what may be a prior encumbrance, in that such prior encumbrance may be postponed to the lien of the mortgage. It was not the intention of this section to cause a judgment to become void, which was good against all who had, through service of the scire facias, an opportunity to appear and contest the lien upon which the judgment was entered, and surely not at the instance of one whose only equity was in having the lien postponed so as to do him no injury. The decree striking off the judgment on the petition of Mr. Price is reversed; the judgment is reinstated; and it is ordered that defendants' lien be postponed to the lien of the mortgage recorded in Philadelphia County in Mortgage Book, W. S. V. No. 2155, page 12, and the assignment thereof recorded in Assignment Book, 536, page 495, et cetera. Costs of this appeal to be paid by the appellant.