## Pennsylvania Supply Company v. Tichy et al.

*W. E. Shissler,* for plaintiff.

*Horace Michener Schell, E. M. Biddle, Jr.,* and *John D. Faller,* for defendants.

REESE, P. J., June 2, 1934.—The plaintiff has filed a bill in equity under the provisions of section 49 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, 49 PS §261, against Theodore A. Tichy, owner of the premises, and seven fire insurance companies. The fire insurance companies 'have filed preliminary òbjections to the bill. It is necessary to discuss but one of these objections, viz., that section 49 of the Act of 1901, supra, is unconstitutional.

Section 49 provides: "In case the structure or other improvement bound by or liable for any such claims, or which would be so liable but for a waiver thereof, shall be destroyed or removed by fire or other casualty prior to the payment of the claims, any insurance placed upon the property by the owner, contractor or subcontractor because of such improvement, and actually received or to be received by him because of its destruction or removal, shall, after the insured has received all premiums paid and any money actually expended by him on account of such improvement, inure to the benefit of claimants and use-claimants under him, with the same effect as if they were parties to the contract of insurance; and any party in interest may by petition filed in his case, or by bill in equity if no claim be actually filed, compel the application of such surplus of insurance money, in the same way and manner, to the same parties and in the same proportions, as if the fund were realized by a judicial sale of the property and there was no waiver of liens. . . ."

A careful examination of all mechanics' lien legislation enacted prior to the Constitution of 1874 reveals that no such right or remedy was thereby accorded mechanics' lien claimants prior to the Constitution of 1874. "The whole act of 1901 is legislation for a special class of creditors, some of the provisions of which are permissible because the constitution of 1874 did not intend to wipe out the system to which they relate; but those providing special methods or changing old ones for the collection of the debts due the special class of creditors or for the enforcement of judgments recovered by them are prohibited by the organic law": Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486, 493.

"The result of the decisions . . . is to make it clear that any provision of the act of 1901 which is clearly divergent from, and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid": Page v. Carr, 232 Pa. 371, 377; Sax v. School District, 237 Pa. 68; Georges Township School Directors, 286 Pa. 129, 136; Crane Co. v. Rogers (No. 1), 60 Pa. Superior Ct. 305, 307; Cahan v. Oak Realty Co. et al., 18 D. & C. 386.

We therefore conclude that section 49 of the Act of 1901, supra, provides a special method for collection in violation of article III, sec. 7, of the Constitution of 1874, and is therefore unconstitutional and void. It therefore follows that the bill must be dismissed; and, while it seems futile to do so, we shall make the usual decree in accordance with Equity Rule 49.

And now, June 2, 1934, the bill is dismissed unless the plaintiff, in accordance with Equity Rule 49, files an amended bill within 15 days after this date.

From Francis B. Sellers, Carlisle, Pa.