## Bechtel v. McCormack

*Desmond J. McTighe*, for plaintiff.

*Cassin W. Craig*, for defendant.

CORSON, J., January 23, 1952.—In this case plaintiff is a contractor who put a concrete lining in a dam on defendant's property to form a swimming pool. When plaintiff's claim was not paid he filed a mechanic's lien. When the case came before the jury defendant presented two defenses, the first being that plaintiff was a subcontractor and that he had not complied with the Mechanic's Lien Act referring to subcontractors and, second, that the so-called swimming pool was not a "structure" within the meaning of the Mechanic's Lien Act of 1901, as amended.

The jury rendered a verdict for plaintiff and by such finding decided that plaintiff was a contractor. Section 1 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, provides, inter alia, "that the words 'structure or other improvements,' . . . mean any building, bridge, wharf, . . . reservoir, . . . or other structure or improvement, of whatsoever kind or character the same may be."

The trial judge charged the jury that while the so-called structure may have been called a swimming pool, yet the swimming pool was formed by damming up a creek and lining the bottom of the dam with concrete. The trial judge further charged that if they found this to be a reservoir, even though it might be used for swimming purposes, it was a structure within the meaning of the Mechanic's Lien Act. The jury rendered a verdict for plaintiff for the full amount of the claim and the present motions followed.

The motion for a new trial was not pressed and is without merit. The sole question to be decided under the motion for judgment non obstante veredicto is the constitutionality of sections 1 and 2 of the Act of June 4, 1901, supra. Under the Pennsylvania Constitution of 1874, article III, sec. 7, it is provided that the General Assembly shall not pass any local or special law "providing or changing methods for the collection of debts, or the enforcing of judgments". Local laws have been construed as law applying only to certain counties or localities; special laws as applying only to certain classes.

The Mechanic's Lien Law is special legislation covering the claims of a particular class, to wit, mechanics and contractors furnishing material and labor in the erection of the structures and improvements noted in the act. Clearly, the Constitution of 1874 did not re-

peal the various mechanics' lien acts that were in effect prior to the adoption of the Constitution: Vulcanite Portland Cement Company v. Allison, 220 Pa. 382 (1908).

The Act of June 4, 1901, merely brought together into one act the various mechanics' lien acts that were in effect prior to 1901. Where the Act of 1901 goes beyond the earlier acts, and makes any change that will allow a mechanic's lien to be a claim in persona, rather than in rem, such additions or changes are unconstitutional: Sumpton v. Rogers (No. 1), 53 Pa. Superior Ct. 109 (1913).

In the case of Lobb et al. v. Wheeler et al., 37 Montg. 277 (1921), Swartz, P. J., speaking for the court, said:

"Any advance in the law, as it stood in 1874, as to procedure or methods of enforcing the lien or any attempt to depart from a proceeding in rem, is condemned."

All of the cases place the accent upon the fact that what article III, sec. 7, of the Constitution prohibits is new *methods*, and changes of old *methods* of procedure for enforcing liens and collecting debts. See Vulcanite Paving Company v. Philadelphia Rapid Transit Company, 220 Pa. 603 (1908); Henry Taylor Lumber Company v. Carnegie Institute, 225 Pa. 486 (1909); Page v. Carr, 232 Pa. 371 (1911); Sax v. School District, 237 Pa. 68 (1912); Sterling Bronze Company v. Syria Improvement Association, 226 Pa. 475 (1910).

If the Act of 1901 added reservoir as a new subject of mechanics' lien and such lien could not have been had prior to 1901, the act is not necessarily unconstitutional. For that addition did not change a method of collecting debts and enforcing judgments, but simply enlarged the group to whom an established form of relief was available. No new preference was thereby given to a special class of creditors.

It is the contention of defendant in this case that a reservoir is not a structure within the purview of the Mechanics' Lien Acts prior to 1874. Whether or not this is true is doubtful. However, the legislature must be presumed to have been acting within the limitations of the Constitution.

Should enlarging the group or class of structures for which a mechanic's lien might be had be considered a violation of Article III, sec. 7, then the legislature must be presumed to have been defining structures as used prior to the Constitution of 1874. We must assume, therefore, that a reservoir is a structure under the Act of 1901, supra, and the jury having found the swimming pool to be a reservoir, it would seem that the verdict must be sustained.

An examination of all of the cases cited by counsel does not disclose a single upper court case in which the 1901 definition of structures, as set forth in section 1 of the Act of 1901, supra, is unconstitutional because such structure, as there defined, was not a structure within the meaning of the Mechanics' Lien Laws as they existed prior to 1874. Certainly the fact that the unconstitutionality of section 1 of the Act of 1901, supra, has not been successfully attacked for a period of over 50 years, is significant. We feel that the motion for judgment non obstante veredicto cannot be sustained and that section 1 of the Act of 1901, supra, is constitutional.

And now, January 23, 1952, for the reasons given, defendant's motions for a new trial and for judgment non obstante veredicto are refused and the prothonotary is directed to enter judgment on the verdict upon payment of the verdict fee.