J-A09038-19

2019 PA Super 219

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM KING A/K/A BILLY M. KING | : | No. 2593 EDA 2018 |
| AND MELANIE L. KING A/K/A | : | |
| MELANIE L. FRANTZ | : | |

Appeal from the Order Dated August 22, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2015-001536

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

OPINION BY PELLEGRINI, J.:                         **FILED JULY 19, 2019**

Terra Firma Builders, LLC (Contractor) appeals from the order entered in the Court of Common Pleas of Delaware County (trial court) granting the motion to strike a mechanics' lien filed by William King a/k/a Billy M. King and Melanie L. King a/k/a Melanie L. Frantz (Owners) pursuant to the Mechanics' Lien Law of 1963 (Mechanics' Lien Law).[1]  For the following reasons, we reverse.

**I.**

We derive the relevant background of this case from our independent review of the record.  On February 20, 2013, Contractor filed a timely

---

[1] Act of August 24, 1963, P.L. 1175, No. 497, as amended, 49 P.S. §§ 1101-1902.

---

*   Retired Senior Judge assigned to the Superior Court.

mechanics' lien for materials, supplies or labor to the Owners in the amount of $131,123.24. That lien was served by the Sheriff on Owners on or about March 18, 2013. The affidavit of service was filed on or about March 22, 2013, with the Delaware County Court of Common Pleas Prothonotary. Contractor praeciped to voluntarily withdraw the lien.

On April 29, 2013, Contractor then refiled the exact same mechanics' lien it had previously perfected in March 2013 and it was given a new docket number. This time, though, Contractor failed to file an affidavit of service for the refiled lien as required by Section 502 of the Mechanics' Lien Law.[2] The

_____

[2] 49 P.S. § 1502 provides:

(a) Perfection of Lien. To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. **Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.**

(b) Venue; property in more than one county. Where the improvement is located in more than one county, the claim may be filed in any one or more of said counties, but shall be effective only as to the part of the property in the county in which it has been filed.

Owners did not file any preliminary objections to the claim as provided for in Section 505 of the Mechanics' Lien Law. On February 19, 2015, Contractor then filed a Complaint to enforce the lien. Owners did not file preliminary objections to the Complaint alleging the defect in service of the underlying mechanics' lien nor did they otherwise raise it as a defense in that action.

On December 8, 2017, the trial court then consolidated the lien, the Complaint to enforce the lien as well as Contractor's breach of contract action against the Owners. The consolidated matters then proceeded to trial with the Owners prevailing on the merits. Post-trial motions were then filed.[3]

In June 2018, while post-trial motions were still pending, the Owners then filed a petition to strike the mechanics' lien[4] because Contractor failed to strictly comply with statutory requirements governing perfection of the lien, specifically, 49 P.S. § 1502(a)(2) concerning service. Even though the preliminary objection was filed five years after the filing of the claim, the trial

---

              (c) Manner of service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.

49 P.S. § 1502 (emphasis added).

[3] While this is not in the record, at oral argument, the parties indicated that a new trial was granted, a new trial was held, and that post- trial motions have been filed.

[4] Section 505 preliminary objections are similar to motions to strike. *See **H. P. Starr & Sons, Inc. v. Stepp***, 211 A.2d 78 (Pa. Super. 1965).

court granted the motion and held that motion to strike, *i.e.*, preliminary objections under § 505 of the Mechanics' Lien Law could be filed at any time, even after the enforcement action was filed and the trial was over. This timely appeal followed.

## II.

## A.

On appeal, Contractor contends that the trial court erred in striking the mechanics' lien. It concedes that it "did not properly file an affidavit of service or notice or an acceptance of service as set forth in 49 P.S. § 1502," but argues that the trial court erred in striking the lien because Owners waived any objection to the defective service because: they did not preliminary object when the lien was filed in 2013; did not raise it by preliminary objections to its Complaint to enforce the lien nor did they did raise it by preliminary objections in their contract action; never raised an issue regarding service at trial; and never raised it in any motion for post-trial relief. For their part, Owners contend that they can move to preliminary strike on the basis of § 505 at any time, including after the case has gone to trial, because no time period is provided for when preliminary objections have to be filed.

To answer this question, we examine how mechanics' lien claims can be challenged and enforced under the Mechanics' Lien Law.

**B.**

Mechanics' liens "were unknown at common law and are entirely a creature of statute." ***Terra Technical Services, LLC v. River Station Land, L.P.***, 124 A.3d 289, 299 (Pa. 2015) (quoting ***Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co***., 90 A.3d 682, 690 (Pa. 2014)). "Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies." ***Id.*** (internal citations omitted). The Mechanics' Lien Law not only provides for such liens but creates a statutory procedure for the filing of and enforcement of such liens. "[T]he right to a mechanic[s'] lien is purely a creature of statute and it is only available if the conditions of the legislature are strictly followed." ***Schell v. Murphy***, 153 A.3d 379, 381 (Pa. Super. 2016) (citation omitted).

After notice of a claim has been given as required by § 501 of the Mechanics' Lien Law, 49 P.S. § 1501, the lien is perfected by filing the claim in the appropriate prothonotary's office pursuant to § 502, 49 P.S. § 1502. The owner may "preliminary object" to the filing of the "claim" under Section 505 of the Law, 49 P.S. § 1505, which provides:

> Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within

which it shall be filed. **Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a *defense* in subsequent proceedings**.

This allows the owner to strike the lien for the above-enumerated reasons. If the labor and material were furnished for residential construction the owner could also claim that the contractor or subcontractor waived his right to file such a lien. *See* 49 P.S. § 1401.

However, while the filing gives the contractor an *in rem* lien for the materials and labor that were expended under contract for the owner, it does not give the contractor the right to execute against the property to collect those debts or to keep that lien in force "forever." To be able to maintain and collect against the lien, the contractor must bring an action pursuant to Section § 701 of the Law, 49 P.S. § 1701, to enforce the lien. 49 P.S. § 1701(a) also provides that practice and procedure to obtain judgment upon a claim shall be in accordance with the Pennsylvania Rules of Civil Procedure. *See* Pa.R.C.P. 1651 *et seq.*[5] Section 505 authorizes the owner to raise the failure to perfect the lien in compliance with the Mechanics' Lien Law as a defense to that action.[6]

---

[5]*See* Pa.R.C.P. 1651(b) which provides that "[e]xcept as otherwise provided in this chapter, the procedure to obtain judgment upon a claim shall be in accordance with the rules relating to a civil action."

[6] "Service requirements under Pennsylvania's Mechanics' Lien [l]aw are strictly construed such that a complaint will be stricken if the statutory service requirements are not met[.]" ***Regency Investments, Inc. v. Inlander***

This action must be filed by the contractor within two years of the filing of the lien. **See** 49 P.S. 1701(b). If the action is not brought within two years, the lien will be stricken. If brought within that time period, the end result of the enforcement action is that the lien will be sustained, reduced or, if unsubstantiated, stricken. In short, it will end the matter.[7]

Also, at any time after the filing of the lien, the owner can compel, by praecipe, the contractor to file a complaint within twenty days after service of the rule or be forever barred from enforcing the lien. **See** Pa.R.C.P. 1659. If the contractor fails to file the complaint, judgment for the owner will be entered resulting in the striking of the lien.

## C.

From the above, an owner who desires to challenge the perfection of the lien or the ability of the contractor to file the lien must do so by filing a preliminary objection to the claim under Section 505 of the Mechanics' Lien Law. Because Section 505 statutory preliminary objections are governed by

---

**Ltd.**, 855 A.2d 75, 77 (Pa. Super. 2004), *appeal denied*, 863 A.2d 1148 (Pa. 2004) (citation omitted). If a mechanics' lien claim is not perfected, the claimant still has an adequate remedy in a suit for monetary damages arising out of a breach of contract. **See id.** at 80.

[7] Because the trial court has jurisdiction to enter a judgment, the judgment cannot be stricken as void. **Comm. ex rel. Penland v. Ashe**, 19 A.2d 464, 466 (Pa. 1941) ("It is certainly true that a void judgment may be regarded as no judgment at all; and every judgment is void, which clearly appears on its own face to have been pronounced by a court having no jurisdiction or authority in the subject matter.").

the Mechanics' Lien Law itself, not the Rules of Civil Procedure, Section 505 preliminary objections do not have to be filed within twenty days like those to a normal civil complaint. Moreover, any defenses authorized by Section 505 but not raised by statutory preliminary objections are not waived and may be used a defense in subsequent proceedings.

That does not mean, though, that Section 505 preliminary objections can be filed at any time to the claim; after all, they are denominated as "preliminary." Given the Mechanics' Lien Law's statutory scheme that governs leading to final resolution in the § 1701 enforcement action, Section 505 can properly be construed as providing that if one of the specified defenses has not been raised "preliminary" by the time a § 1701 enforcement action has been filed to obtain judgment on the claim, but the owner desires to assert a Section 505 defense, it has to be raised in the enforcement proceeding in accordance with the manner provided for in the applicable rules of civil procedure. If it does not do so, then the claim is waived.[8]

---

[8] The result we reach here is consistent with our position under the prior mechanics' lien statute from 1901 when a claim began by a contractor filing a writ of scire facias instead of a civil complaint. **Crane Co. v. Rogers**, 60 Pa. Super 305 (1915). Under the old procedure, if a lien was "fatally defective" because a claimant failed to follow the procedural prerequisites, a party opposing the lien had to file a petition with the court asking that the claim be postponed due to the rights of the petitioner. **Id.** at 307. The court then entered a rule upon the claimant to show cause why the relief should not be allowed and stayed the proceedings on the claim pending a hearing on the rule, if justice required. **Id.** As we held in **Crane**, the party who was served with the writ but did not raise a defect in the lien by way of a defense waived his or her right to object later. **Id.** at 310.

In this case, the lack of service defense to the claim was not raised by preliminary objection or new matter as required under the Rules of Civil Procedure in the enforcement proceeding. Instead, the Owners filed their Section 505 preliminary objections in the form of a motion to dismiss over five years after the claim was filed and over three years from commencement of the enforcement proceedings. Under these circumstances, Owners' motion to strike was untimely and the issue was waived.

Order reversed.

Judge Kunselman joins the opinion.

Judge Murray files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/19