**[J-88-2020] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC, | : | No. 15 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 2593 EDA |
| | : | 2018 dated July 19, 2019, |
| v. | : | Reconsideration Denied September |
| | : | 19, 2019, Reversing the Order of the |
| | : | Delaware County Court of Common |
| WILLIAM KING A/K/A BILLY M. KING AND | : | Pleas, Civil Division, at No. CV- |
| MELANIE L. KING A/K/A MELANIE L. | : | 2015-001536 dated August 21, |
| FRANTZ, | : | 2018, entered August 22, 2018 |
| | : | |
| Appellants | : | ARGUED:  October 21, 2020 |

**DISSENTING OPINION**

**JUSTICE DONOHUE**                                                  **DECIDED:  April 29, 2021**

In this appeal we are asked to interpret the portions of the Mechanics' Lien Law that govern a property owner's challenge to the validity of a mechanics' lien.  Performing its analysis, the Majority focuses on Sections 502 and 505 of the Mechanics' Lien Law and discerns an intent on the part of the General Assembly to provide property owners with a virtually timeless ability to counter the "powerful statutory tool" that is a mechanics' lien.  *See* Maj. Op. at 16-17.  In so doing, the Majority does not grapple with the entirety of the Mechanics' Lien Law or the specific issue before us.  As a result, in my view, the Majority countenances an absurd result that is unsupported by the statute.

The operative facts are undisputed.  In 2013, Terra Firma Builders, LLC ("Terra Firma") filed a mechanics' lien against the Kings in an amount exceeding $130,000.   In connection with its mechanics' lien, Terra Firma filed the required affidavit of service in

conformance with Section 502 of the Mechanics' Lien Law.[1]  Terra Firma subsequently

discontinued the mechanics' lien claim.   Within a week, it filed another mechanics' lien.

This lien was identical to the first but assigned a different docket number.  Terra Firma

did not file the requisite affidavit of service in connection with this mechanics' lien claim.

In 2015, Terra Firma filed a complaint to enforce the lien and an action alleging

breach of contract.  The Kings did not file preliminary objections challenging Terra Firma's

failure to file the affidavit of service, but filed an answer and asserted a counterclaim for

breach of contract.   In 2017, the trial court consolidated all claims and the matter

proceeded to a bench trial.  The trial court found for the Kings, awarding them a portion

of their claimed monetary damages.   Both parties filed post-trial motions.   While the

motions were pending, the Kings filed a petition to strike the mechanics' lien, arguing that

the lien was invalid because Terra Firma failed to file the requisite affidavit of service.

The trial court granted post-trial motions but subsequently granted the petition to strike

the lien.  The Superior Court reversed, finding that although there is no explicit limitation

on the time for a property owner to contest a lien in the Mechanics' Lien Law, such a

challenge must be made during the enforcement action on the lien or be deemed to have

been waived.  *Terra Firma Builders, LLC v. King*, 215 A.3d 1002, 1005 (Pa. Super. 2019),

*reargument denied* (Sept. 19, 2019), *appeal granted*, 226 A.3d 971 (Pa. 2020).

This Court granted the Kings' petition for allowance of appeal to address the

following issue:

> Is a property owner who seeks to challenge the perfection of
> a mechanics' lien required to file preliminary objections before
> or during the enforcement proceeding of the lien?

---

[1]  Section 502 is set forth in full *infra*.

*Terra Firma Builders, LLC v. King*, 226 A.3d 971 (Pa. 2020) (per curiam). Although this issue asks whether a challenge to the perfection of mechanics' lien must be raised prior to or during the enforcement action, the Majority does not answer this question. The Majority shifts the focus of the issue before us, as it does not consider whether the challenge must be raised within the enforcement action but only whether the Kings' raised their objection in an untimely manner. *See* Majority Op. at 11(stating the issue presented in this appeal as "whether the Kings … were required to assert their objection to the lien much earlier than they did."). From this altered premise focusing on timing instead of procedural posture, the Majority veers off course in its analysis.

The question before the Court is one of statutory interpretation, over which our standard of review is de novo and our scope of review is plenary. *SEDA-COG Joint Rail Auth. v. Carload Express, Inc.*, 238 A.3d 1225, 1232 (Pa. 2020). As we undertake this analysis, we are mindful that our objective is to discern the intent of our General Assembly. 1 Pa.C.S. § 1921(a). When determining legislative intent, individual statutory provisions must be construed with reference to the entire statute of which they are a part. *Fletcher v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 985 A.2d 678, 684 (Pa. 2009); *Rossi v. Commonwealth*, 860 A.2d 64, 66 (Pa. 2004). As recognized by the Majority, mechanics' liens are remedies created wholly by statute in degradation of the common law. *See Denlinger, Inc. v. Agresta*, 714 A.2d 1048, 1052 (Pa. Super. 1998). As such, courts employ a strict construction of the terms of the Mechanics' Lien Law. *Id.; see also Artsmith Dev. Grp., Inc. v. Updegraff*, 868 A.2d 495, 497 (Pa. Super. 2005).

Mechanics' liens are "extraordinary remed[ies]" that "provide[] an expeditious method to obtain a lien at very little cost to the claimant[.]" *Phila. Const. Servs., LLC v.*

*Domb*, 903 A.2d 1262, 1267 (Pa. Super. 2006). The filing of a claim for a lien against property by a contractor or subcontractor creates a lien claim. *See* 49 P.S. § 1201(6). Article V of the Mechanics' Lien Law sets forth the procedure for the filing and perfection of a lien claim. Section 502(a) provides as follows:

> **(a) Perfection of Lien.** To perfect a lien, every claimant must:
>
> > (1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and
> >
> > (2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

49 P.S. § 1502(a)(1)-(2). Section 505 establishes a procedure for a property owner to challenge a mechanics' lien claim, which is the focus of this appeal. It provides that

> [a]ny party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.

49 P.S. § 1505. In Section 505, the General Assembly set forth specific grounds for a property owner to challenge the validity of a lien claim and established that a property owner may raise those challenges in two ways: by preliminary objection to the lien claim or by defense in "subsequent proceedings."

The Majority ends its statutory analysis with these two provisions and concludes that because there is no explicit timeframe in which to contest a lien within Section 505, a property owner may raise such a challenge at any time. Majority Op. at 14-15. Yet, this analysis ignores the fact that Section 505 provides that challenges may be raised as a defense "in subsequent proceedings." To conclude that there is no timeframe within Section 505 is to ignore this portion of the statute. It is axiomatic that "every statute shall be construed, if possible, to give effect to all of its provisions." *Hearst Television, Inc. v. Norris*, 54 A.3d 23, 31 (Pa. 2012); *see also Daly v. Hemphill,* 191 A.2d 835, 842 (Pa. 1963) ("The Legislature cannot be deemed to intend that its language be superfluous and without import. Every word, sentence or provision in a statute must be given effect in construction of the statute."). Accordingly, the analysis is not complete without considering what the General Assembly intended by its use of the term "subsequent proceedings" in Section 505.

Aside from the initiating procedure for filing and perfecting a lien as found in Section 502, the only "subsequent proceedings" provided for in the Mechanics' Lien Law are found in Article VII Section 701, governing the methodology for obtaining a judgment on the lien claim and execution thereon.[2] The balance of the provisions in the Mechanics'

---

[2] **§ 1701 Procedure to obtain judgment**

(a) Practice and Procedure. The practice and procedure to obtain judgment upon a claim filed shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court.

(b) Time for Commencing Action. An action to obtain judgment upon a claim filed shall be commenced within two (2) years from the date of filing unless the time be extended in writing by the owner.

Lien Law do not prescribe or authorize proceedings related to the lien claim. Article I contains the short title of "Mechanics' Lien Law of 1963" for this legislation and Article II sets forth definitions for certain terms therein. 49 P.S. §§ 1101, 1201. Article III ("Right to Lien") establishes the rights of contractors and subcontractors to file a lien, as well as circumstances in which a lien is not permitted. *See* 49 P.S. §§ 1301, 1303. It further contains a presumption regarding the use of materials, provides for the claimant to obtain a lien when work is incomplete, to consolidate or apportion multiple claims, allows a court to limit the boundaries of the liened property and prohibits the removal of an improvement subject to a lien claim. *See* 49 P.S. §§ 1302 -1307. Article IV ("Waiver of Lien; Effect of Filing") addresses the scope of a contractor's or subcontractor's ability to waive their

---

(c) Venue; Property in More Than One County. Where a claim has been filed in more than one county as provided by section 502(b),1 proceedings to obtain judgment upon all the claims may be commenced in any of the counties and the judgment shall be res adjudicata as to the merits of the claims properly filed in the other counties. The judgment may be transferred to such other county by filing of record a certified copy of the docket entries in the action and a certification of the judgment and amount, if any. The prothonotary of the court to which the judgment has been transferred shall forthwith index it upon the judgment index and enter it upon the mechanics' lien docket.

(d) Limitation on Time of Obtaining Judgment. A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict or judgment, as provided above, the claim shall be wholly lost: Provided, however, That in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of all motions and petitions of defendants, substituted defendants and intervenors in the cause, and in any appeal or appeals from any order in the cause, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of common pleas, shall be excluded in the computation of the five (5) year period herein provided.

(e) Defense to Action on Claim. A setoff arising from the same transaction or occurrence from which the claim arose may be pleaded but may not be made the basis of a counterclaim.

49 P.S. § 1701.

capacity to file a lien claim against a property. Article VI ("Duties and Remedies of Owner and Contractor Upon Notice of Intention to File or on Filing of Claim by Subcontractor") sets forth the duties and rights to remedies for property owners and contractors when a lien claim is filed by a subcontractor, but it does not establish proceedings beyond those provided for in Section 505 to challenge the lien or Section 701 to obtain judgment on the lien. Article VIII is limited to a severability provision and establishing the effective date of the Mechanics' Lien Law. *See* 49 P.S. §§ 1801, 1802. Article IX repeals the prior laws governing mechanics' liens. *See* 49 P.S. §§ 1901, 1902.

Considering the Mechanics' Lien Law as a whole, I conclude that the only proceedings subsequent to the filing of the lien claim contemplated by the General Assembly are Section 701 enforcement proceedings. The law regarding mechanics' liens is subject to strict construction, *Agresta*, 714 A.2d at 1052, and so there can be no other proceedings beyond those provided for in the law itself. Accordingly, the terms of Section 701 are central to the question before us. *See Johnson v. Phelan Hallinan & Schmieg, LLP*, 235 A.3d 1092, 1097–98 (Pa. 2020) ("[C]ourts generally should construe statutes as a whole, keeping in mind that the context provided by surrounding statutory provisions often provides vital insights into the legislature's intent."); *Thompson v. Thompson*, 223 A.3d 1272, 1277 (Pa. 2020) ("While we may not ignore unambiguous language under the pretext of pursuing the spirit of the statute, we must always read the words of a statute in context and not in isolation, and give meaning to every provision.").

Section 701 contains five subsections relating to the practice and procedure for obtaining judgment on a lien claim. It sets forth limits on the time for commencing such an action and well as limits on the time for obtaining a judgment in such an action. *See*

49 P.S. §§ 1701(b),(d). One provision governs venue when the subject property lies in more than one county, and another restricts the assertion of a setoff as a defense only. *See* 49 P.S. §§ 1701(c),(e). Most pertinent to the present case is Section 701(a), which provides that proceedings to obtain a judgment on a lien claim are governed by the Rules of Civil Procedure. 49 P.S. § 1701(a). This Court has promulgated rules of civil procedure specific to actions upon mechanics' liens, *see* Pa.R.C.P. 1651-1661, and these rules mandate that "the procedure to obtain judgment on a claim shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1651(b).[3] Our long-established rules

---

[3] The Majority dismisses the applicability of Rule 1651 because the note thereto reiterates that the procedure for filing a lien claim is governed by the Mechanics' Lien Law. Majority Op. at 15. This appeal is not concerned with the filing of a lien claim or any action by the claimant. This appeal is focused wholly on matters following the filing of a lien claim; specifically, whether a property owner must raise objections and defenses within the confines of the enforcement proceeding. Once in the realm of an enforcement proceeding, the Rules of Civil Procedure apply. 49 P.S. § 1701(a).

This misplaced focus is evident throughout the Majority's reasoning and resolution. The Majority ceases its analysis after determining that Terra Firma did not perfect its lien, reasoning that this defect could not be cured and that no judgment may be entered on an invalid lien. Majority Op. at 14 (citing *Day & Zimmerman, Inc. v. Blocked Iron Corp.*, 147 A.2d 332 (Pa. 1959)). This case does little to address the issue before us. Although *Day & Zimmerman* involved a petition to strike a mechanics' lien claim for failure to file the required affidavit of service, the petition was filed prior to an enforcement action and the timeliness of the petition to strike was not at issue. *See Day & Zimmerman*, 147 A.2d at 333. In *Day & Zimmerman*, the issue was trained on whether a claimant could cure the failure to file the affidavit of service within the period designated for such filing in the Mechanics' Lien Law. The claimant asserted equitable considerations and argued that the court had discretion in its decision whether the strike the claim. This Court rejected those arguments, finding that because the filing of an affidavit of service within one month after the filing of the lien claim was mandatory, there was no valid lien upon which the claim could subsist. *Id.* at 334-35. There is no proclamation, nor suggestion in *Day & Zimmerman*, that once an enforcement action is filed, the Rules of Civil Procedure do not apply or that a property owner cannot waive the underlying defect. It simply was not an issue.

The Majority also cites, without discussion, a number of other cases for the proposition that a claimant cannot obtain a judgment on an imperfect lien. Majority Op.

governing civil actions require that defenses and objections must be raised during the course of the action on the pain of waiver. Pa.R.C.P. 1032(a)(providing that, with certain exceptions not applicable here, the failure of a party to raise a defense by preliminary objection, answer or reply results in the waiver thereof). There is no exemption within the rules promulgated for actions upon mechanics' liens from this well-established directive regarding waiver of defenses. To the contrary, by mandating that enforcement actions proceed in conformance with the Rules of Civil Procedure, it is assured that defenses are waived if not properly asserted.

Reading Section 505 in context of the Mechanics' Lien Law as a whole, I glean the following. Because the General Assembly did not restrict the filing of preliminary objections to a lien claim explicitly or by reference to other procedural rules, a property owner may preliminary object to a lien claim at any point until an enforcement action is filed. Once an enforcement action is filed, a property owner may raise challenges to the validity of the lien in the enforcement action (the only subsequent proceedings contemplated by the Mechanics' Lien Law), but in conformance with the applicable Rules of Civil Procedure. By incorporating the Rules of Civil Procedure into the enforcement action, it is evident that the ability to challenge the lien claim is not limitless, but restricted to the confines of those rules.

In providing that the lien's validity may be challenged in the enforcement action, the General Assembly recognized that the issue of the lien's validity is inextricably linked

---

at 15-16. I reiterate that we are not concerned in this appeal with whether Terra Firma perfected its lien such that it could obtain judgment thereon. We are concerned with whether the Mechanics' Lien Law places restrictions on a property owner's ability to raise certain defects as a defense to a lien claim.

to, and inseparable from, the enforcement action because no judgment may be entered on an invalid lien. *See. e.g., Rosenberg v. Cupersmith*, 87 A. 570, 571 (Pa. 1913). Due to this inseparability, once enforcement proceedings are initiated, the defenses that may be raised to a lien claim pursuant to Section 505 merge with the enforcement action, requiring that all defenses relative to either to be raised at that time. As the enforcement action is subject to the Rules of Civil Procedure, once an enforcement action is filed, the Rules of Civil Procedure applicable to the filing of preliminary objections and raising of defenses control. *See* Pa.R.C.P. 1028, 1030. Our Rules provide that such objections and defenses may be waived, for "a party may waive its right to present its contentions in court … when a litigant fails to follow established and approved methods" to do so. *Strickler v. United Elevator Co.*, 391 A.2d 614, 617 (Pa. Super. 1978).

The Majority apparently agrees that Section 701 provides the only other proceedings identified in the Mechanics' Lien Law. Majority Op. at 4 n.7. But the Majority still does not grapple with the terms "preliminarily" and "subsequent proceedings" as used in Section 505. The only reading of Section 505 that gives meaning to these terms is that objections can be raised preliminarily to an enforcement action but that failure to raise objections at that time does not waive the right to raise the objections in a Section 701 proceeding. Because Section 701 incorporates the Rules of Civil Procedure, failure to raise the objections as a defense results in waiver. This reading is in keeping with the entirety of the Mechanics' Lien Law. While the Majority focuses on the perfection of the

lien, it ignores the fact that a perfected lien is unenforceable unless it is reduced to judgment in a Section 701 proceeding. *See* 49 P.S. § 1701(d).[4]

The Majority resists a finding of waiver by purporting to prioritize the more specific terms of the Mechanics' Lien Law over the general terms of the Rules of Civil Procedure. *See* Majority Op. at 15.[5] As discussed supra, the Majority's consideration of the terms of the Mechanics' Lien Law is incomplete, as it overlooks Section 701. I agree with the Majority insofar as it recognizes that Section 505 governs the procedure to contest the lien claim and that Section 505 contains no explicit temporal limitation in which a party must act. *Id.* at 14, 16. Yet, the Majority disregards the final phrase of Section 505, which

---

[4] Limitation on Time of Obtaining Judgment.-

> A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. **If a claim is not prosecuted to verdict or judgment, as provided above, the claim shall be wholly lost:** Provided, however, That in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of all motions and petitions of defendants, substituted defendants and intervenors in the cause, and in any appeal or appeals from any order in the cause, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of common pleas, shall be excluded in the computation of the five (5) year period herein provided.

49 P.S. § 1701(d) (emphasis added).

[5] In so doing, it begins from the premise that here, "we are concerned with the filing and perfection of a lien … and in any event, a claimant may not obtain judgment on an invalid mechanics' lien." *Id.* Again, I find this to be a misstatement of the issue before us, which asks us to consider whether a property owner is required to raise objections to the validity of a lien in the enforcement action.

addresses the situation where objections to the lien claim are not filed preliminarily to the subsequent proceedings, i.e., the enforcement action.

The General Assembly did not provide that the right to contest the lien is entirely immune from waiver. There is no indication in Section 505 that the General Assembly intended to provide property owners with the ability to contest the lien beyond the "subsequent proceedings" that are comprised of the enforcement action. Certainly, the General Assembly could have provided that a challenge made under Section 505 may be raised at any time, but it did not. Instead, the General Assembly created a statutory scheme under which a property owner's ability to challenge a lien claim is subject to the Rules of Civil Procedure governing civil actions once a claimant attempts to obtain a judgment on a lien claim.

The Majority finds the ability to waive a challenge to the validity of the lien an "absurd result the General Assembly cannot have intended." Majority Op. at 16. I disagree that this is an absurd result, and the present case exemplifies why this is so. The parties spent much time and expense, and consumed significant judicial resources, to litigate this case, only to have the Kings challenge Terra Firma's failure to perfect its lien many months after the adjudication. It is truly absurd to find that the General Assembly would countenance such a waste, particularly of judicial resources.

It is important to recognize that waiver in this instance is supported under prior iterations of the Mechanics' Lien Law. Waiver of the complaint that a lien was fatally defective was found in *Crane Co. v. Rogers*, 60 Pa. Super. 305, 310 (1915), for failure to raise the defect before the entry of judgment in an enforcement action. Where a property owner agreed with the claimant that the institution of proceedings to obtain judgment

should be postponed for three years, it waived any defects in the claim. *Mesta Mach. Co. v. Dunbar Furnace Co.*, 95 A. 585 (Pa. 1915). When actions on mechanics' liens involved the scire facias procedure, objections to the validity of a lien were waived if not raised before a defensive pleading was filed. *See, e.g., Linden Steel Co. v. Imperial Ref. Co.*, 20 A. 867 (Pa. 1890). When the scire facias procedure was eliminated, the specter of waiver remained, as objections were deemed to be waived by filing an affidavit of defense. *Klinefelter v. Baum*, 33 A. 582 (Pa. 1896); *Titusville Iron-Works v. Keystone Oil Co.*, 18 A. 739 (Pa. 1889). The General Assembly must be presumed to be aware of the historical ability for objections to the validity of a mechanics' lien when it enacted this most recent iteration and did not explicitly alter it. *Cf. In re Emps. of Uniontown Hosp. Ass'n,* 247 A.2d 621, 623 (Pa. 1968) (explaining that subsequent to decision of Supreme Court, failure of General Assembly to change the law as interpreted by the Court creates presumption that interpretation was in accord with legislative intendment). In fact, the current statute preserves this practice.

Applying these conclusions to the matter before us, once Terra Firma filed an enforcement action, the Kings were required to raise their challenge as specified in Section 505 (by way of preliminary objection or defense) in the manner prescribed by the relevant Rules of Civil Procedure. They did not. The matter was tried to a verdict, and only months after the conclusion of trial did the Kings contest the validity of the lien. Because the Kings did not raise Terra Firma's failure to file the affidavit of service by preliminary objection or as a defense in the manner prescribed by the Rules of Civil Procedure, I would find that they waived this challenge. To conclude otherwise invites the blatant waste of judicial resources, as was the case here. There is no dispute that

the defect ultimately raised by the Kings was discoverable well before the proceedings on Terra Firma's enforcement action. By providing that a property owner can challenge the lien claim in the enforcement action, but cabining a property owner's ability to do so within the confines of the operative Rules of Civil Procedure, the General Assembly has enacted a scheme that avoids the possibility for such waste.

It is entirely reasonable that the General Assembly sought to establish strict requirements for the procurement of a mechanics' lien by a claimant. That does not compel the conclusion that the General Assembly meant to remove all limitations from the ability to contest the lien. To the contrary, an examination of the operative statutory provisions, as illustrated above, leads to the conclusion that the General Assembly included reasonable limitations on such challenges. Accordingly, I dissent.

Chief Justice Baer joins this dissenting opinion.